JOHN O. SULLIVAN

*v.*

·THE COMMISSIONERS OF HIGHWAYS.

*Filed at Ottawa May 15, 1885.*

1. COMMISSIONERS OF HIGHWAYS—*power to contract indebtedness.* The commissioners of highways have no authority of law to contract an indebtedness in respect to roads and bridges, when the money to pay the same is not in their treasury to be expended, or has not already been actually levied.

2. But where a tax has been levied by them, though the proceeds of such levy may have been intended by the commissioners to be applied in a way distinct from the making of a culvert, a party who builds a culvert for them under a contract, who has no notice that the levy was not made to pay for the same, and where there is nothing to afford notice of the purpose of the levy, may recover of the contract price a sum equal to such levy, and no more; and the fact that he was compelled to accept an order for the sum due, if such was not the agreement before the work was done, will not prevent a recovery upon an order not exceeding the tax levied for that year.

3. SAME—*power to contract to pay interest.* Where commissioners of highways contract for services and work in anticipation of taxes already levied, and give an order for payment, upon their treasurer, payable at a future day, they will have no power to agree to pay interest on the same; and if such order provides for interest, that part thereof may be treated as void, and only the principal can be recovered on such order.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. JAMES W. DUNCAN, and Mr. H. T. GILBERT, for the plaintiff in error.

Mr. HENRY GUNN, and Mr. DANIEL EVANS, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought in the circuit court of La Salle county, by John O. Sullivan, against the commissioners of highways of the town of Deer Park, in La Salle county, upon the following order, executed and delivered by them to Fyffe & Hetherington, and assigned by the latter to the plaintiff, to-wit:

"$1000.    The treasurer of the commissioners of highways of the town of Deer Park, La Salle county, State of Illinois, will pay to Fyffe & Hetherington, or order, the sum of one thousand dollars, ($1000,) with interest at ten per cent per annum, payable on or before the twentieth (20th) day of July, A. D. 1878.

"Dated at Deer Park, this 1st day of December, 1876."

The cause was submitted to the court for trial upon an agreed statement of facts.    The circuit court found in favor of the plaintiff, and entered a judgment for $1446, which, upon appeal, was reversed by the Appellate Court for the Second District, and a judgment entered in favor of the defendants.    The case comes here upon a writ of error to the Appellate Court.

It appears by the agreed statement of facts, that the order was given by the defendants to Fyffe & Hetherington for work done by the latter in the construction of a culvert upon a highway in the town of Deer Park.    "The contract under which said work was performed by said Fyffe & Hetherington was entered into subsequent to the month of September, A. D. 1876, and the work thereunder was performed by said Fyffe

& Hetherington prior to the 1st of December, A. D. 1876, and the total amount of work performed by said Fyffe & Hetherington under said contract was worth the sum of one thousand seven hundred and eighty-three dollars and sixty-three cents, ($1783.63,) no part of which was ever paid by said defendants, but instead of making payment therefor in cash, said defendants issued to said Fyffe & Hetherington the order above mentioned, and a similar order for the sum of seven hundred and eighty-three dollars and sixty-three cents ($783.63.)   At the time of the making of said contract with said Fyffe & Hetherington there was no money in the hands of said defendants, or their treasurer, belonging to the road and bridge funds of said town of Deer Park.   The amount of the road and bridge tax levied in said town for said year 1876, (which levy was made in the month of September of said year,) was one thousand five hundred and sixty-six dollars, ($1566,) no part of which, however, had been collected at the time of the issuing of said orders.   At the time of the making of said levy the defendants did not contemplate entering into any contract with Fyffe & Hetherington, or with any other person or persons, for the making of the culvert built by them, but they intended to use the funds so levied, for other road and bridge purposes.   But there were no records, either of said town of Deer Park or of said county of La Salle, from which said Fyffe & Hetherington could have ascertained the purpose for which said funds, so levied, were to be used, nor did they, or the plaintiff, ever have any notice of the purpose for which said money was intended to be used."

The question presented is, whether, upon these facts, the original contract entered into under which the work was done, and the order issued to Fyffe & Hetherington, were null and void.   The decision of the Appellate Court that they were, appears to have been rested upon the cases of *Commissioners of Highways* v. *Newell*, 80 Ill. 587, and *Brauns* v. *Town of Peoria*, 82 id. 11.   In the latter case it was said:   "We do not find,

in the very many provisions of the statute· respecting roads and bridges, any authority conferred upon the highway commissioners to expend money on the roads and bridges within their respective districts, which is not in their treasury to be expended, and which had not been actually levied, nor is any authority conferred upon them to anticipate revenue and expend it, unless it be actually levied. It seems to be the policy of the law, and a very just one, that the accruing revenue of the year shall be appropriated to the wants of the year, and that no expenses should be incurred, in the absence of money already levied, to meet them." In the *Newell case* it was held that a tax having been levied by the commissioners of highways, they might enter into contracts, to be paid out of the funds derived from such levy.

These cases do not, in our opinion, go to the extent to deny power in the commissioners to contract for the doing of the work on the culvert which they did contract for in this case, and to require that the contract and order given should be held void. Prior to the making of the contract a tax levy for roads and bridges had been made, to the amount of $1566, and the cases cited admit the power, after having levied that tax, to make contracts for work.on the highways to the extent of that levy. The mere intention of the commissioners, without any expression whatever of that intention, to use the tax levied, for other road and bridge purposes, we do not think should be of any avail as against the contract which was made. Regard should be had for those performing labor under the employment of public officers, as well as for the tax-payers. At the time of entering into this contract for the culvert, the contractors saw by the public records that a tax levy had been made. They were informed by decision of court that the commissioners might contract for the doing of work to the amount of the tax levied, and we think they were justified and are to be protected in entering into a contract for the doing of work to the amount of the tax which had been levied, they having

no notice that the money was intended to be used for any other purpose, and no means of so ascertaining from any public records. The contract was made, and the work done under it. When it came to paying for the work, instead of making payment therefor in cash, the defendants gave to the contractors the order in question, with one other. The orders are payable on or before July 20, 1878, but it does not appear that by the contract for the doing of the work these orders were to be taken. For aught that appears, the work should have been paid for at once, in money, but the contractors seem to have consented to take these time orders, bearing ten per cent interest. Of course, if the taking of such orders was not stipulated for by the original contract, the acceptance of them after the doing of the work should not affect the validity of the contract.

We are of opinion the contract, to the extent of $1566, (the amount of the tax levy,) should be treated as valid, and that the order sued on, being less than that amount, should be held valid. We do not mean by this to sustain the interest clause in the order. The circuit court seems to have allowed six per cent interest on it. The drift of decision by this court has been to strictly limit these highway commissioners in their power to impose burdens upon the tax-payers of their districts, confining them in their expenditures to moneys in the treasury, or such as had been provided for by an actual tax levy. In this restricted range of action there is no necessity for the issuing by the commissioners of interest-bearing obligations, and burdening tax-payers therewith, and we are of opinion the power to do so should not be admitted. We hold the interest provision of the order invalid in its whole extent.

The judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*