## John R. Challacombe, Appellant, v. William E. Anderson, Supervisor, et al., Appellees.

1. ROADS AND BRIDGES—*power of commissioners to contract indebtedness.* The statutes do not give the commissioners of highways of a town power to bind the town or to contract indebtedness except in relation to their special fund.

2. ROADS AND BRIDGES—*extent of indebtedness commissioners may contract.* Commissioners of highways cannot contract indebtedness in excess of money on hand and taxes levied.

3. TOWNSHIPS—*extent of power to levy taxes.* A town tax cannot be levied or a town fund raised to discharge a debt not incurred by the town as a corporation.

4. ROADS AND BRIDGES—*duty of one furnishing labor and materials to highway commissioners.* A person furnishing labor and materials to the commissioners of highways of a town has no right to expect payment except from funds on hand or tax levies made, and it is his duty to ascertain whether the amount so available is sufficient before permitting them to incur the indebtedness.

5. MANDAMUS—*when does not lie against town auditors.* The auditors of a town cannot be compelled by mandamus to cause a general tax to be levied to pay a judgment against the highway commissioners for labor and material previously furnished to the commissioners.

6. TOWNSHIPS—*act relating to judgments against town construed.* The statute (3 Starr & Curtis, 3929, § 50) providing that a judgment against a town or town officers in actions by or against them in their name of office shall be a town charge was not intended to authorize town auditors to levy a town tax to pay a judgment against the highway commissioners.

Mandamus. Appeal from the Circuit Court of Fayette county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912. Rehearing denied June 13, 1912.

LANE & COOPER and G. T. TURNER, for appellant.

BROWN & BURNSIDE, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On April 28, 1911, appellant filed a petition for a

writ of *mandamus* in the Circuit Court of Fayette county against William E. Anderson, supervisor, Emery Hopper, town clerk, and James Carter and B. M. Backenstow, justices of the peace, being the board of town auditors of the town of Loudon in said county.

The petition alleged that in 1906 the commissioners of highways of said town of Loudon became indebted to him in the sum of $1,047.00 for work done and material furnished by him and that though he repeatedly demanded payment of said amount, he was never able to collect the same; that he brought suit against said commissioners of highways for said indebtedness in the Circuit Court of said county, and on September 30, 1908, obtained judgment for $1,046.65 and costs of suit; that said town has no bonded indebtedness and no other indebtedness than the judgment therein mentioned in favor of appellant and is not indebted beyond the constitutional limit; that he has repeatedly made demand on the highway commissioners of said town, on the treasurer of said highway commissioners and on the town itself, for payment of said judgment and costs, but that no part of the same has been paid; that on March 23, 1911, he made demand on the town clerk of said town for payment of said money or that said judgment be audited and allowed by the town board of auditors thereof; that on March 28 following, he presented a certified copy of said judgment to the town board of auditors at their regular semiannual meeting, with a written demand that said claim be audited and allowed and a certificate made for the levying of a tax to pay the same and that said certificate be delivered to the county clerk of said county as provided by law; that said board refused to allow said claim or any part thereof and refused to audit the same and to make and sign a certificate as demanded.

The prayer of the petition was that a writ of *mandamus* be directed to appellees commanding them as the board of town auditors to examine and audit said

judgment, interest and costs of suit and allow the same as a proper claim against said town; that the same be certified to the town clerk and to the county clerk in the manner provided by law.

Appellees filed a general demurrer to the petition, which was sustained by the court. Appellant abided by his petition and the court thereupon entered an order dismissing the petition with judgment against appellant for costs and the latter has brought the case here for review by appeal.

The question presented for our consideration is, can the board of auditors of a town be compelled by *mandamus* to cause a general town tax to be levied to pay a judgment previously obtained against the commissioners of highways of said town for labor and material furnished said commissioners some years prior thereto.

It is claimed by counsel for appellant that highway commissioners are town officers and that when a judgment is obtained against them it is the duty of the board of town auditors to allow the same as a town charge by virtue of section 6, art. 5 chap. 139 Rev. Stat., which provides "Judgments recovered against a town or against town officers in actions prosecuted by or against them in their name of office, shall be a town charge and when collected shall be paid to the person or persons to whom the same shall have been adjudged;" that being a town charge the same should be audited by the town board, filed with the town clerk together with a certificate of the board specifying the nature and claim of the demand, and certified to the county clerk, at the same time and in the same manner as other amounts required to be raised for town purposes, to be levied and collected as other town taxes, as provided for by sec. 7, art. 13 of said chapter.

It is true that the commissioners of highways of a town are, in a certain sense, town officers as they are elected by the qualified electors of the town, and the territory and the highways of which they have charge

are confined to the limits of the town, but their duties are totally distinct from those of the other town officers and their only way of obtaining funds is by levying a tax as provided by statute for road and bridge purposes. The tax so levied by them has no connection with the general town fund and they have a treasurer of their own who receives the same and can only pay it out upon their order.

It is well settled in this state that the commissioners of highways of a town are a *quasi* corporation, as distinguished from the corporation of the town itself and as such *quasi* corporation can sue and be sued. Town of Rutland v. Town of Dayton, 60 Ill. 58; Sheaff v. People, 87 Ill. 189.

There is nothing in the statute which gives the commissioners of highways power to bind the town or to contract indebtedness, except as the same may relate to their own special fund. In O. & M. Ry. Co. v. People, 123 Ill. 648, the court states, "It is a plain proposition that the highway commissioners have no powers except those conferred by the statute, and that they can perform no acts or impose no burdens, except those plainly authorized by the statute, and when they undertake to perform any act which the statute does not say they may do, that act will be void."

It appears to be equally clear that commissioners of highways are powerless to contract indebtedness in excess of money they may have on hand and the amount of taxes already levied by them, although after the taxes are levied they may incur indebtedness in discharge of their duties to the amount of the same before they are collected. Upon this subject it is said in Commissioners v. Newell, 80 Ill. 587, after reviewing certain sections of the statute, "It is manifest that the commissioners may after they have levied the road and bridge tax, proceed to its expenditure for the purposes for which it was levied in anticipation of its collection. But we fail to find any provision of the

statute from which it may be inferred that it was designed to impower them to incur any indebtedness beyond the amount already levied. With *quasi* corporations of this character the rule obtains that their power to impose taxes or incur indebtedness, will be strictly construed.''

In Adams v. Commissioners, 151 Ill. App. 68, the court states the rule to be as follows: ''Commissioners of highways have no power to draw any orders for the payment of indebtedness unless there is a fund for such payment or a tax levy has been made for that purpose. * * * Commissioners of highways are powerless to pledge the credit of a township for work and labor upon roads and bridges to be paid for in the future, out of revenues to be derived from taxes subsequently levied and an order given in such case is void.'' If appellant furnished the commissioners of highways of the town of Loudon labor and material for roads and bridges he had no right to expect to receive any pay therefor, except out of funds they might have had or a tax levy already made, and before permitting them to incur the indebtedness it was his duty to have ascertained that the amount of money in their treasury or the taxes levied would be sufficient to meet the indebtedness. If the debt due appellant was contracted at a time when the commissioners did not have sufficient funds on hand or taxes levied to meet the same, and he could by mandamus compel appellees to levy a tax and pay the debt out of the town funds, he and the commissioners themselves would be permitted to do indirectly what they could not do directly, and the safeguards which the statute has provided, for the protection of the taxpayers, would be effectually destroyed. Nor can the fact that appellant has obtained a judgment against the commissioners for the amount of his indebtedness avail him in this proceeding. His judgment was against the highway commissioners as a *quasi* corporation and in any event could only apply

to their funds. The town fund is entirely distinct and levied for purposes wholly different from those to which the funds of the highway commissioners can be devoted. The law will not permit a town tax to be levied and a town fund raised for the purpose of discharging a debt, which the town as a corporation has not incurred.

We are of the opinion that the statute relied upon by appellant, and providing that a judgment recovered against a town or against town officers in actions prosecuted by or against them in their name of office, shall be a town charge, was not intended to authorize the town auditors to levy a town tax to pay a judgment against the commissioners of highways of the town and that the court below properly sustained the demurrer to appellant's petition.

*Judgment order affirmed.*