E. S. Brown and B. H. Lawson, trading as Brown and Lawson, Appellees, v. David Ellis, Com'r of Highways, Appellant.

1. TOWNSHIP ORGANIZATION, § 35*—*how judgment may be paid.* Taxes collected for road and bridge purposes in a town or road district for the current year of 1920, or any succeeding year, were legally applicable to the payment of a judgment recorded against such town in 1916.

2. MANDAMUS, § 76*—*what defense is not available to enforcement- of judgment.* A commissioner of highways of a town could not, in mandamus directing the payment· of a judgment recovered against the town in 1916 and to levy a tax in the event of there not being sufficient funds on hand, go behind ·the judgment and question the sufficiency of the cause of action on which it was based.

3. ROADS AND BRIDGES, § 299*—*what taxes may be levied.* The power of highway commissioners to levy a tax to pay a judgment against the town would be implied from the power to incur the debt unless there is an express statute prohibiting it.

Appeal from the Circuit Court of Cumberland county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

EMERY ANDREWS and R. G. REAL, for appellant.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY and JAMES CRAIG VAN METER, for appellees.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Appellees, Brown and Lawson, on October 25, 1916, obtained a judgment against the Sole Commissioner of Highways of the Town of Neoga, Cumberland county, Illinois, in the circuit court of that county, for one hundred and thirty-three·dollars and seventy-three cents

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and cost. The judgment was not paid, and on February 25, 1918, appellees filed a petition for a writ of mandamus directing the payment of the judgment, and in the event of there not being sufficient funds with which to make such payment, then to levy a tax with which to pay the same. A demurrer was interposed to such petition and overruled. Appellant elected to stand by the demurrer. Judgment was rendered in favor of appellees and a writ of mandamus was awarded.

Appellant and appellees agree, and so state in their briefs, that the only question involved in this appeal is whether or not taxes collected for road and bridge purposes in a town or road district for the current year of 1920, or any succeeding year, are legally applicable to the payment of a judgment recovered against such town in the year 1916.

Appellant contends that section fifty-six, chapter one hundred and twenty-one, Hurd's Revised Statutes 1915 [Callaghan's 1916 Stat. ¶ 10000(56)], confers the only power commissioners of highways have to levy taxes; that such section limits the power of the commissioners to a determination annually of the amount necessary for the proper construction, maintenance and repair of roads and bridges in such town for the year for which such taxes are levied; that no power is given to levy taxes for the payment of judgments obtained against the commissioners of highways in years prior to the one for which the taxes are levied, or to pay indebtedness contracted in previous years; that this judgment having been recovered in the year 1916 must be paid out of the money collected in that year; that there being no funds remaining from the 1916 levy and this proceeding being an attempt to order the judgment paid out of money collected in the year 1920, the judgment of the circuit court awarding a writ of mandamus is erroneous. Appellant relies upon the cases of *Highway Com'rs v. Newell*, 80 Ill. 587; *Brauns v. Town of Peoria*, 82 Ill. 11; *Adams v.*

*Highway Com'rs,* 151 Ill. App. 68; and *Challacombe v. Anderson,* 173 Ill. App. 144.

In the case of *Highway Com'rs v. Newell,* 80 Ill. 587, at page 594, the court said: "The fiscal year seems, from these enactments, to commence with the Tuesday preceding the annual September meeting of the county board. It is at that time they are required to make their estimates and levy of the tax to meet the expense of keeping in repair the roads and bridges until the corresponding period of the next year. This is the purpose and the extent of the levy they are authorized to make. It then follows that they have no power to legally incur an indebtedness for road and bridge purposes beyond the amount of the taxes already levied for that year. In other words, they cannot expend, lawfully, more than the amount levied for that year.

"Appellees urge, and it seems to be conceded, that, when the commissioners made the levy in 1874, the township owed on account of roads and bridges $1,600, and the tax then levied amounted to $1,782.39, and they contend, and the court seems to have so held, that $1,600 of this latter amount was necessary to pay and should be paid on the indebtedness incurred prior to the first of September, 1874, and for the payment of which no fund had been provided.

"The tax which was levied in September, 1874, was all of it legally applicable to the payment for labor performed and expenditures made on the roads and bridges after its levy and before the next levy was made, in September, 1875; nor could the tax thus levied and collected be rightfully applied to any other purpose."

The foregoing and similar expressions used in the cases above mentioned are the basis of appellant's contention herein. In construing and applying these cases it must be remembered that the authority arises from what the court decides in reference to the facts before

it, and that general expressions must be taken in connection with the facts in the case. *Brown v. Coon,* 36 Ill. 243, 246; and *Mayer v. Erhardt,* 88 Ill. 452, 457-458. When the authorities cited are read and properly construed, we do not believe they support appellant's contention. All that such authorities hold is that a town cannot go in debt except to the extent that it may anticipate the collection of a levy already made, and that a debt, illegal because there were no taxes levied with which to pay it when it was contracted, cannot be collected out of revenues later acquired.

The case at bar is not one of collecting a claim that was illegal when made. The legality of the claim has been adjudicated. This is a suit for the collection of a judgment. If there was no money in the 1916 fund with which to pay the claim when it was made, then under the authority of the cases cited by appellant, he should have presented that defense and prevented appellees from securing a judgment. It is conclusively settled, by the judgment, that the claim upon which it was based was a legal and binding obligation. Appellant cannot in this proceeding go behind the judgment and question the sufficiency of the cause of action upon which it was based. *Town of Lyons v. Cooledge,* 89 Ill. 529, 535-536; and *Kickapoo Drainage District v. City of Mattoon,* 284 Ill. 393, 398-400. The legality of the claim having been conclusively established, when it was reduced to a judgment, appellant cannot now be heard to question its legality by claiming that there are no funds of the levy for the year 1916 out of which it can be paid. The rule established by the cases, relied upon by appellant, is not that the claim must be paid from the 1916 fund, but that it could not be legally contracted if there was no fund out of which to pay it. It being now established that it was legally contracted, its payment cannot be defeated by the commissioners dissipating the fund out of which it should have been paid or by applying such fund to other obligations.

The case of *Sullivan v. Highway Com'rs,* 114 Ill. 262, is a case where the court necessarily, from the facts before it, took the view we take here and that case fully supports our conclusion.

The judgment rendered against the appellant, being conclusively presumed to be valid and based upon a valid claim, the power to levy a tax to pay such judgment would be implied from the power to incur the debt unless there is an express provision of the statute prohibiting it. *Peoria, D. & E. Ry. Co. v. People,* 116 Ill. 401, 408; and *Spring v. Collector of City of Olney,* 78 Ill. 101, 106.

It would be an unwarranted reproach upon our law for us to construe it so that a town could incur a valid debt upon which a valid judgment could be obtained, and payment then be defeated in the manner appellant seeks to avoid payment of the judgment involved in this case.

The section of the statute and the cases cited by appellant were intended to establish a rule that would prevent commissioners of highways from going in debt and using funds annually levied for purposes other than the annual maintenance of the roads, and not intended to establish a rule by which the payment of a valid claim could be defeated by commissioners of highways wrongfully applying the funds to other purposes or incurring more debts in a year than could be paid in such year.

The circuit court did not err in overruling the demurrer, to the petition filed in this case, nor in awarding a writ of mandamus.

*Judgment affirmed.*