(No. 20745.—

Carter Euziere, Appellee, *vs.* The Highway Commissioner of the Town of Rockville, Appellant.

*Opinion filed October 23, 1931—Rehearing denied Dec. 3, 1931.*

HUNTER & MINOR, for appellant.

ALEXIS L. GRANGER, and CLAUDE M. GRANGER, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Carter Euziere brought an action of assumpsit in the circuit court of Kankakee county against the highway commissioner of the town of Rockville, in the same county. The defendant interposed a general and special demurrer to the declaration and the demurrer was overruled. He elected to abide by his demurrer and judgment was rendered against him for $1290.18 and costs. On appeal to the Appellate Court for the Second District the judgment was affirmed. A certificate of importance was granted by that court and the case is here on a further appeal.

The declaration consists of the consolidated common counts and a special count. The counts for goods bargained and sold and goods sold and delivered conclude with the allegation that the defendant used the goods or materials "in and about the reasonable repairing and improving of the roads of the town of Rockville." In the special count it is alleged that the appellant is a quasi-corporation whose duty it is to keep the roads and bridges of the town of Rockville in repair and to improve them so far as practicable; that the appellant levied annually, for road and

bridge purposes, a general tax and also a special tax, the latter of which was authorized by a vote of the people; that at the appellant's request, the appellee delivered certain goods, chattels and effects which were used by the appellant in repairing and improving the roads and bridges of the town, and that the appellant has refused to pay therefor. The affidavit of claim, attached to the declaration, shows one hundred thirty-one items or charges ranging in amount from thirty cents to $40.85. These charges were made for coal, stone, tile and cement delivered to the appellant during the period from February 1, 1924, to June 30, 1927.

The assigned causes for demurrer and the contentions that the declaration fails to state a cause of action against the appellant may be reduced to the following: First: The commissioner of highways had no power to make the contracts upon which suit is brought; second, there is no allegation that, at the time the purchases were made, there was money available or a tax levied to discharge the liabilities incurred; and third, allegations that the appellee applied to the appellant, as the commissioner of highways, to issue a warrant upon the treasurer for the sum claimed, that he had the warrant countersigned by the clerk, and that he presented it to the treasurer for payment are wanting, and hence that the contracts were not fully executed by the appellee.

The powers and duties of commissioners of highways are defined by section 50 of the Roads and Bridges act. The pertinent provisions of that section, effective during the period of the delivery of the materials in question (Cahill's Stat. 1927, pp. 2172, 2173; Smith's Stat. 1927, p. 2354), are the following:

"(b) The highway commissioner of each town or road district shall have power and it shall be his duty:

"(5) To direct the construction, maintenance and repair of roads and bridges within the town or district, to let

contracts, employ labor and purchase material and machinery therefor, subject to the limitations herein provided: Provided, however, that no contract shall be let for the construction or repair of any road or bridge or part thereof in excess of the amount of $200, nor shall any material, machinery or other appliances to be used in road construction or maintenance of roads in excess of such amount be purchased without the approval of the county superintendent of highways.

"(6) To have general charge of the roads and bridges of his town or district, to keep the same in repair and to improve them so far as practicable.

"(9) To issue his warrant or order on the treasurer for the payment of all moneys paid out by such treasurer, provided such warrants or orders are countersigned by the town or district clerk.

"(c) The highway commissioner shall annually make report in writing, showing:

"(2) The amount of road and bridge money received by him and a full and detailed statement as to how and where expended and the balance, if any, unexpended.

"(4) The amount of liabilities incurred and not paid; and if such liabilities are undetermined they shall be estimated."

A highway commissioner is a statutory officer and can exercise only such powers as are conferred upon him by statute. (*People* v. *Hedges,* 289 Ill. 378; *Ohio and Mississippi Railway Co.* v. *People,* 123 id. 648; *Townsend* v. *Gash,* 267 id. 578). Yet a legislative grant carries with it, by implication, the powers necessary to make the grant effective. (*People* v. *Drainage Comrs.* 143 Ill. 417; *City of Chicago* v. *Stratton,* 162 id. 494; *Townsend* v. *Gash, supra*). A quasi-public corporation has the implied power to make the contracts necessary to enable it to exercise the powers conferred and to perform the duties enjoined upon it by law. (*People* v. *Spring Lake Drainage and Levee*

*District,* 253 Ill. 479). Recourse to implication is, however, unnecessary, for not only was the duty laid upon the appellant by the sixth paragraph of division (*b*) of section 50 of the Roads and Bridges act, to keep the roads and bridges of his town in repair and to improve them so far as practicable, but he was expressly empowered, and it was made his duty, by the preceding paragraph of the same section, to let contracts and purchase materials for the construction, maintenance and repair of the same roads and bridges, subject to the limitation that no particular purchase should exceed the sum of two hundred dollars without the approval of the county superintendent of highways. No single purchase made by the appellant from the appellee exceeded the sum specified.

A commissioner of highways is powerless to incur an indebtedness in excess of the money in the treasury or the taxes levied to discharge it. (*Commissioners of Highways* v. *Newell,* 80 Ill. 587; *Brauns* v. *Town of Peoria,* 82 id. 11; *County of Hardin* v. *McFarlan,* 82 id. 138; *Sullivan* v. *Commissioners of Highways,* 114 id. 262.) It is alleged in the special count of the declaration that the appellant levied annually, for road and bridge purposes, not only a general tax, but also a special tax which was authorized by a vote of the people of the town. In a suit against a highway commissioner to recover for materials furnished to and used by him to improve and repair roads and bridges within his jurisdiction the plaintiff is not required to allege in his declaration, as a condition precedent to the maintenance of his suit, that, at the time the indebtedness was incurred, the defendant had sufficient funds on hand or taxes levied to discharge it. The appellant had the power *prima facie* to purchase materials for the purposes stated; after the delivery of the materials the obligation to pay for them was not dependent upon some act to be done or forborne by the appellee and any fact or circumstance lim-

iting or restricting the appellant's power to make the purchases should have been pleaded in defense of the suit.

The appellant, however, invokes section 1 of the act relating to the manner of issuing warrants for the payment of public money, approved June 27, 1913, (Cahill's Stat. 1927, p. 2494; Smith's Stat. 1927, p. 2760) as a bar to such a suit. The section provides that a warrant of that character, payable on demand, shall be issued only when, at the time of its issuance, the appropriate fund contains sufficient money to pay it. Neither the section nor the act itself contains any limitation upon the power of a municipal or quasi-public corporation to incur an indebtedness, and the act is of no avail to support the contention of the appellant. *County of Coles* v. *Goehring,* 209 Ill. 142; *Town of Kankakee* v. *McGrew,* 178 id. 74.

The issuance of a warrant by the commissioner of highways on the treasurer of the road and bridge fund, the countersigning of the warrant by the town clerk and the presentation of the warrant to the treasurer for payment, it is argued by the appellant, are prerequisites to the completion of the appellee's contracts and the right to maintain his suit. None of these acts constitutes a part of a contract for the sale and delivery to a commissioner of highways of materials to be used in the repair or improvement of roads and bridges within his jurisdiction. The materials which the appellee delivered were accepted by the appellant; they were used in the performance of duties charged upon him, and there is no controversy with respect to the amount of the appellee's claim.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*