(No. 21376.—

THE AMERICAN MEXICAN REFINING COMPANY, Plaintiff in Error, *vs.* R. E. WETZEL, Commissioner of Highways, Defendant in Error.

*Opinion filed December 23, 1932.*

HERSHEY & VOGELSANG, for plaintiff in error.

RALPH W. ADAMS, and PROVINE & WILLIAMS, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The American Mexican Refining Company, a domestic corporation, brought an action of assumpsit in the circuit court of Christian county against R. E. Wetzel, the commissioner of highways of the town of Prairieton, in that county. A plea of the general issue was followed by a replication. The cause was submitted for trial without a jury. Judgment was rendered against the defendant for $3962.05 and costs. The defendant prosecuted an appeal to the Appellate Court for the Third District and that court reversed the judgment without remanding the cause. Upon application to this court a writ of *certiorari* was issued and the record is submitted for review.

The declaration consists of the common counts and two special counts. In the first special count it is alleged that on February 25, 1927, by a written contract, J. W. Debrun & Son agreed to sell, and Orval Osborn, then commissioner of highways of the town of Prairieton, agreed to buy, approximately one hundred thousand gallons of road oil; that the deliveries were to be made between the first of May and the first of November, 1927; that the price, fixed at $.0547 per gallon, f. o. b. Stonington, Moweaqua and Radford, was based on a freight rate of twenty-seven cents per hundred-weight and if a higher or lower freight rate was in effect at the time of shipment, the price should vary accordingly; that the contract was on April 19, 1927,

approved by the county superintendent of highways; that on the days the contract was executed and approved, there was sufficient money derived from the tax levy for road purposes for the year 1927, in the hands of the highway treasurer, not otherwise appropriated, to discharge the obligation incurred by the contract; that on May 4, 1927, the plaintiff, for a valuable consideration, received an assignment of the contract from J. W. Debrun & Son and thereafter, in performance of the contract, delivered the oil specified therein to Orval Osborn, as highway commissioner, and that on April 3, 1928, R. E. Wetzel succeeded Orval Osborn, as such officer.

In the second special count, after setting forth the same contract, it is alleged that prior to its execution, at an election held in the town of Prairieton on April 7, 1925, a special annual tax of sixty-six and two-thirds cents on each one hundred dollars of assessed valuation was levied for the succeeding five-year period, for the purpose of improving, maintaining and repairing earth roads by dragging, grading and oiling them; that this tax was certified to the county clerk and was extended on the tax books for the years 1927, 1928 and 1929, among others, and that on February 25 and April 19, 1927, the township highway treasurer had sufficient money, not otherwise appropriated, from taxes levied for road purposes in September, 1926, and at the special election of April 7, 1925, to pay the sums to become due under the contract. The assignment of the contract; the deliveries of oil, beginning on August 9, 1927, and ending on September 15, 1927, and the successorship of R. E. Wetzel to Orval Osborn, as highway commissioner, are then alleged.

Upon the trial, counsel stipulated that there were introduced in evidence, among other instruments, (1) the original levy of an annual tax of sixty-six and two-third cents on each one hundred dollars of assessed valuation of the taxable property in the town of Prairieton, to continue dur-

ing the period of five years and made for the purpose of_ improving, maintaining and repairing earth roads by dragging, grading and oil-treating them, and (2) a duplicate of the contract between J. W. Debrun & Son and Orval Osborn, as highway commissioner. This contract contained a provision forbidding its assignment by one party without the written consent of the other.

The evidence disclosed that the assessed valuation of property in the town of Prairieton for 1927 was $741,-420; that the road and bridge taxes for that year were extended at the rate of sixty-six and two-thirds cents on each one hundred dollars of assessed valuation; that the plaintiff in error pursuant to the contract delivered ten cars of oil to the highway commissioner for use on the roads of the town; that the duplicate invoices correctly set forth the dates of the shipments and the quantities delivered, and that on October 22, 1927, Orval Osborn, then commissioner of highways, signed and delivered to the plaintiff in error an order, drawn on the treasurer of the commissioner, for the payment to the plaintiff in error of $3457.80, on April 15, 1928, with interest at six per cent. It was further stipulated by counsel, that, in the event the commissioner of highways was found liable, the amount due and owing to the plaintiff in error on October 22, 1927, was $3457.80.

The principal contention by which the defendant in error seeks to sustain the judgment of the Appellate Court is that the improvement of roads in the town of Prairieton for the period of five years was authorized by a majority vote at an annual town meeting; that consequently the indebtedness was incurred for a town purpose, and that the suit, if maintainable at all, should have been brought against the town and not against the commissioner of highways. Section 108 of the Road and Bridge act, as it stood on July 1, 1925, (Cahill's Stat. 1925, p. 2088; Smith's Stat. 1925, pp. 2206, 2207) provided that on the petition of twenty-five per cent of the land owners who were legal

voters of any township, the town clerk should, when giving notice of the time and place for holding the next annual town meeting, also give notice that a vote would be taken at the meeting for or against an annual tax not to exceed sixty-six and two-thirds cents on each one hundred dollars assessed valuation of all the taxable property, including railroads, in the township, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads, or for improving, maintaining or repairing earth roads by draining, grading, oil-treating or dragging them. The section further required the petition to state the location and route of the proposed road or roads, the annual rate not exceeding sixty-six and two-thirds cents on each one hundred dollars, and the number of years, not exceeding five, for which the tax was to be levied.

The affirmative vote of the electors at the town meeting authorized the increased annual tax during the period fixed for the purposes designated. The statute did not, however, through the vote of the electors, create an obligation on the part of the town or change the custody of the fund derived from the tax so authorized. Subject to the limitations of the Road and Bridge act, the highway commissioner has the power and it is his duty to determine the taxes necessary to be levied on the property within his town for road and bridge purposes; to direct the construction, maintenance and repair of roads and bridges within the town; to let contracts, employ labor and purchase material and machinery, and to direct the expenditure of all money collected in his town for road and bridge purposes and to draw warrants on the town treasurer therefor. (Sections 50 and 56, Road and Bridge act, Cahill's Stat. 1931, pp. 2414, 2416; Smith's Stat. 1931, pp. 2486, 2487, 2490). Neither section 108 of the Road and Bridge act nor the vote of the electors pursuant to that section changed the duties of the highway commissioner; and a claim or debt incurred by that officer within the scope of his authority is payable out

of the appropriate road and bridge tax fund and is not a proper charge against the town. This suit was properly instituted against the highway commissioner. *People* v. *Baltimore and Ohio Railroad Co.* 322 Ill. 623.

The defendant in error argues that there was not sufficient money in the treasury to discharge the obligation created by the contract. A commissioner of highways is powerless to incur an indebtedness in excess of the money in the treasury or the taxes levied to discharge the indebtedness. (*Euziere* v. *Highway Commissioner of the Town of Rockville*, 346 Ill. 131; *Sullivan* v. *Commissioners of Highways*, 114 id. 262; *County of Hardin* v. *McFarlan*, 82 id. 138; *Brauns* v. *Town of Peoria*, 82 id. 11; *Commissioners of Highways* v. *Newell*, 80 id. 587). The law does not require, however, that at the time a commissioner of highways enters into a contract within the scope of his power or authority, there be not only an adequate tax levy, but also sufficient money actually collected from the levy to pay the indebtedness created by the contract. (*Euziere* v. *Highway Commissioner of the Town of Rockville*, 346 Ill. 131; *Commissioners of Highways* v. *Jackson*, 165 id. 17; *Sullivan* v. *Commissioners of Highways*, 114 id. 262; *Brauns* v. *Town of Peoria*, 82 id. 11; *Commissioners of Highways* v. *Newell*, 80 id. 587). Taxes were levied, pursuant to authority granted by the electors at the town meeting, for the purpose of improving, maintaining and repairing earth roads in the town of Prairieton by dragging, grading and oil-treating them. The taxes were authorized and levied before the contract for the purchase of the oil was entered into and the levy exceeded in amount the purchase price. The delivery and acceptance of the oil and the issuance of an order by the highway commissioner upon the treasurer for the payment of the indebtedness are conceded.

The contract, it is contended, was not legally assigned because the requisite written consent was not obtained. A

provision in a contract forbidding its assignment may be waived either directly or indirectly by conduct amounting to an estoppel. (*Mueller* v. *Northwestern University*, 195 Ill. 236, p. 256). The predecessor of the defendant in error might have refused to accept oil from the plaintiff in error. He did not do so, but on the contrary, continued to treat the contract as in force and effect, accepted each of the ten shipments made to him and used the oil on the roads of the town of Prairieton.

The defendant in error complains that the contract contained no provision for the payment of interest and that, in any event, the circuit court erred in allowing interest upon the sum claimed by the plaintiff in error. Municipal and quasi-public corporations are not liable to pay interest in the absence of an express agreement to that effect. (*Sullivan* v. *Commissioners of Highways*, 114 Ill. 262; *Vider* v. *City of Chicago*, 164 id. 354; *City of Peoria* v. *Fruin-Bambrick Construction Co.* 169 id. 36; *City of Danville* v. *Danville Water Co.* 180 id. 235; *County of Coles* v. *Goehring*, 209 id. 142). The provision in the order drawn by the highway commissioner for the payment of interest had no basis in the contract, there was no power to insert it, and that provision is void. *Sullivan* v. *Commissioners of Highways*, 114 Ill. 262.

The judgment of the Appellate Court is reversed and the judgment of the circuit court is modified by eliminating the allowance of $504.25 included as interest, and accordingly reducing the latter judgment from $3962.05 to $3457.80, and as so modified, the judgment of the circuit court is affirmed.

> *Judgment of Appellate Court reversed.*
> *Judgment of circuit court modified and affirmed.*