**NEID v. COMMISSIONER OF HIGHWAYS OF TOWN OF BOND, ILL.**

No. 444.

District Court, E. D. Illinois.

Nov. 17, 1933.

Sumner & Lewis, of Lawrenceville, Ill., for plaintiff.

Geo. W. Lackey, of Lawrenceville, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff, as receiver of the First National Bank of Lawrenceville, Ill., seeks judgment against the commissioner of highways upon two anticipation warrants, one for $3,000 and one for $3,500. The declaration avers that the first of said warrants was issued as an anticipation tax warrant in September, 1923, by the then qualified commissioner of highways; that a tax had then been levied according to law, which, when collected, would result in funds necessary to pay said warrant; that the warrant was issued for value to the State Bank of Birds; that it was not paid upon maturity, but was renewed from time to time by new warrants issued by subsequent commissioners until the present one was issued by the then qualified commissioner on the 4th day of November, A. D. 1931; that thereafter, on November 11, 1931, the said payee indorsed and transferred the said warrant for value to the First National Bank of Lawrenceville.

The second of said warrants, according to the averments of the declaration, was issued under like circumstances, as an anticipation tax warrant, after levy had been made, but before the tax had been collected, and delivered to the said State Bank for value. It was not paid upon maturity, but was renewed from time to time, and

new warrants issued until the one sued upon was issued by the then qualified commissioner of highways on November 4, 1931. Apparently $1,000 had been paid upon said original indebtedness, as the present warrant is for $2,500. It, too, was indorsed for value to the said National Bank.

Defendant moves to dismiss the suit upon the grounds, first, that the defendant is not liable in this action, for the reason that the suit should have been brought against the township; and, second, that the respective original warrants were issued against levies in anticipation of the collection of same later, that there is no statutory authority for renewal thereof and that there is therefore no present liability. This motion to dismiss is equivalent to a demurrer, and will be treated as such.

Smith-Hurd Rev. St. 1931, c. 146½, chapter 146a of Cahill's Revised Statutes of Illinois 1931, provides, in the first section, that a warrant shall be authorized only where there are sufficient moneys in the treasury to satisfy the same. Section 2 provides, however, for the issuance of warrants in anticipation of the collection of taxes levied prior to the issuance of the warrant and payable out of such levied taxes when collected. Consequently, the warrants when issued, according to the averments of the declaration, were valid under the statute, and actions might have been maintained upon the same upon maturity thereof. However, the township, instead of satisfying the warrants from the fund from which they should have been paid, saw fit to extend the time of payment by renewals thereof from time to time. The court can see no reason why a bona fide debt once in existence shall be defeated because the debtor, clearly liable, has requested and received an extension. If the commissioner of highways diverted the fund from which the warrant was payable to other purposes, thus making necessary an extension of the indebtedness, such action should not affect the right of the holder of the warrant to recover. Thus in Sullivan v. Commissioners of Highways, 114 Ill. 262, 29 N. E. 688, 689, the court said: "When it came to paying for the work, instead of making payment therefor in cash, the defendants gave to the contractors the order in question, with one other. The orders are payable on or before July 20, 1878, but it does not appear that by the contract for the doing of the work these orders were to be taken. For aught that appears, the work should have been paid for at once, in money, but the contractors seem to have consented to take these time orders, bearing 10 per cent. interest. Of course, if the taking of such orders was not stipulated for by the original contract, the acceptance of them after the doing of the work should not affect the validity of the contract."

Thus, here, the acceptance of consideration for the warrants on the part of the commissioner of highways created in the holder a right to recover upon maturity, and, for aught that appears, the warrants should have been paid then in money. The mere fact that the holder consented to give additional time should not militate against it when it seeks to recover the consideration for the warrants.

The statute does not expressly prohibit renewal of warrants, and the court finds no language therein implying denial of such authority. The Supreme Court of Illinois, in not only the case previously cited, but in American Mexican Refining Company v. Wetzel, 350 Ill. 575, 183 N. E. 593, 594, reasons in a similar manner, and in Harrold v. City of East St. Louis, 197 Ill. App. 121, it was held that an action in assumpsit would lie in favor of a bona fide holder for the value of a tax warrant issued in anticipation of a tax properly authorized and levied, where the proceeds of the levy had been diverted by constituted city authorities by payment of other debts of the city and that the holder would not be confined to an action against the city officers and their bondsmen. Thus here, even though the commissioner may not have done his statutory duty by discharging the warrant when it matured, the holder has a right to sue and recover in assumpsit.

In the case of Sullivan v. Commissioners of Highways, 114 Ill. 262, 29 N. E. 688, the court directed judgment against the commissioner of highways, impliedly, at least, holding that such commissioner was the proper party defendant. In American Mexican Refining Company v. Wetzel, supra, the court, in discussing the duties of the commissioner, said: "A claim or debt incurred by that officer within the scope of his authority is payable out of the appropriate road and bridge tax fund and is not a proper charge against the town. This suit was properly instituted against the highway commissioner. People v. Baltimore & Ohio Railroad Co., 322 Ill. 623, 153 N. E. 697."

The Supreme Court again sustained a judgment against the highway commissioner in the case of Euziere v. Highway Commission of Town of Rockville, 346 Ill. 131, 178 N. E. 397. So, here, it must be held that the suit was properly instituted against the highway commissioner.

It follows, therefore, that a bona fide debt having been legally created and the holder of the warrants having done nothing to estop it from suing to recover said debt, the action is properly brought and the proper party defendant is before the court. Accordingly, the motion to dismiss is denied.