Standard Oil Company, Appellee, v. The Town of Pat-
terson and Curtis L. Dawdy, Defendants. Curtis
L. Dawdy, Appellant.

Gen. No. 9,171.

 Opinion filed April 24, 1939.

BEAL B. SMITH, of White Hall, and WHITESIDE & VOGT, of Carrollton, for appellant.

BELLATTI, SAMUEL & ARNOLD, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Plaintiff appellee, Standard Oil Company, an Indiana corporation, recovered judgment in the circuit court of Greene county, Illinois, in the sum of $3,072.67 against the defendant appellant, Curtis L. Dawdy, commissioner of highways of Patterson township in said county, upon trial of the cause without a jury, from which judgment an appeal was taken to this court.

The complaint consisted of four counts, in the first three of which, plaintiff sought recovery of the amount of principal and interest alleged to have been due and collected for the payment of certain anticipation warrants issued to the plaintiff in attempted payment of an account for items of merchandise consisting of gasoline, oil and tires sold and delivered to defendant,

but that said moneys so levied and collected were not so set aside but were unlawfully converted and expended by the defendant for other purposes. The fourth count, as finally amended, sought recovery on an open account for said merchandise.

On April 5, 1937, defendants filed motions to strike the various counts of the complaint and the same were stricken as to the defendant, town of Patterson, and amended as to defendant appellant herein. Defendant then filed a second motion to strike the amended complaint on July 9, 1937, setting up numerous specific grounds in support thereof, which motion was heard and denied by the court and leave was granted to answer by August 15, 1937, which answer was filed on August 14th with a written demand for trial of the issues of fact by a jury.

The answer admitted the issuance of the purported warrants by one A. L. McClay, a preceding commissioner of highways of said township for the intended purpose of paying plaintiff for materials delivered on open account, but alleged that the warrants were issued contrary to law and were void when issued; that by accepting the warrants, plaintiff was estopped from suing on the claim; that the material was furnished without the written consent of the county superintendent of highways for use in the construction of a project, the total cost of which was in excess of $200; that at the time of the purchase of said merchandise, there were no funds in the treasury of the road and bridge funds nor taxes levied to pay the same and further denied liability of defendant for payment of either principal or interest on the open account, to all of which plaintiff filed its reply denying all new matters of affirmative defense set up in the answer.

The case was tried by the court without a jury; the trial court holding that by defendant's failure to file a written demand for jury trial at the time of

filing appearance, in compliance with the requirements of section 64 of the Practice Act (Ill. Rev. Stat. 1937, ch. 110, par. 188 [Jones Ill. Stats. Ann. 104.064]), the defendant had waived the same.

Albert McClay, then commissioner of highways of Patterson township, had purchased from the plaintiff through its agent and station at Hillview, Illinois, various amounts of gasoline, oil and several miscellaneous items, all of which purchases were entered upon 224 sales tickets exhibited in evidence, ranging in amounts from $1.35 to $70.22, and five separate tickets, numbered 225 to 229, for tires used on highway trucks bought at Whitehall, Illinois. The purchases were for separate sales of such supplies at current retail market prices on various dates, the dates and amounts of which appeared on the sales tickets and in the plaintiff's ledger so offered in evidence and were explained and corroborated by plaintiff's witnesses McClay, Wear and Gilcrist. The amount of such purchases varied, but none of them were in excess of $100. The gross amount of said sales, consisting principally of gasoline, so sold and delivered between March 10, 1930, and June 13, 1934, aggregated $3,622.67, upon which a credit of actual payments of $550 had been given, leaving the remaining account alleged to be due and for which judgment was entered in the amount of $3,072.67. The date of the first sales ticket offered and admitted in evidence and alleged to be unpaid was April 9, 1932, and the last June 14, 1934. The purchases were made within the period of five years before suit was filed herein.

It appears from the evidence that the gasoline and other items represented by said sales tickets were used by former Commissioner McClay and his agents in the operation of road machinery on the highways of the township and generally distributed over the same and were not used on any particular project or otherwise

than in general improvement, repair and maintenance of highways in the township during the years of 1932 to 1935, inclusive; that each sale was a separate transaction; that from time to time McClay received from plaintiff's auditors statements of the account for verification and that they were always correct; that all items were so received by him or his agent and used during his incumbency in office; that during said time, various strips of said highways were improved with macadam and grading, and a part of said work consisted of building a rock road between Hillview and Patterson in 1932, in which certain labor was furnished through State and federal agencies, including IERC and CWA labor and federal trucks; that in addition thereto, by subscription of citizens about $4,500 was contributed toward making said repairs; that the repairs included general road work with crushed stone and in numerous places the highway was repaired and holes filled with crushed stone, and in servicing the highway.

A portion of the labor on this work was done under what was designated as Greene County Project 11, whereunder the above mentioned agencies of the federal and State governments contributed labor in four adjoining townships and villages, which labor thus furnished was not under any specific contract nor was it for use in any particular place, but for use generally upon the highways of two townships, including said township and two villages therein.

Other testimony concerning the work of repair and government aid in road building in the township was given, but we find that the trial court did not err in holding that the various separate sales of gasoline and supplies used in operating the machinery in said district were not so sold for use upon or as a part of any particular contract, plan or project, the cost of which was in excess of $200, which would require

the approval of the county superintendent of highways in compliance with subpar. 5, par. 56, ch. 121, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 120.058], but were in the nature of an open running account of separate sales and deliveries, none of which required the previous approval of such county superintendent.

Although the judgment does not state upon which count recovery was had, and the invalidity of the anticipation warrants would preclude judgment under the first three counts, it is not necessary that the count upon which judgment is entered be specified, since recovery upon a cause of action well stated in one count and duly proven by the greater weight of the evidence is sufficient.

A *quasi* public corporation has the power to make the contracts necessary to enable it to exercise powers conferred, and perform duties enjoined upon it by law. *Euziere v. Highway Commission of Town of Rockville*, 346 Ill. 131, 134, 178 N. E. 397; *People v. Spring Lake Drainage & Levee Dist.*, 253 Ill. 479, 97 N. E. 1042.

The evidence clearly shows that no single purchase made by appellant from appellee exceeded the sum of $200; hence it was unnecessary for the commissioner to procure the written consent of the county highway superintendent for any such purchases under the provisions of subpar. 5, par. 56, ch. 121, of Illinois Revised Statutes of 1937, as contended by appellant. *Euziere v. Highway Commission of Town of Rockville, supra.* The amount of plaintiff's demand under the fourth count was fully established by the sales tickets, ledger accounts and oral testimony of the witnesses. The appellant had the prima facie power to purchase materials for the purposes stated. *County of Coles v. Goehring*, 209 Ill. 142, 70 N. E. 610.

The appellant argues that there was not sufficient money in the treasury to discharge the obligation

created herein. The commissioner of highways is powerless to incur an indebtedness in excess of the money in the treasury or the taxes levied to discharge it. *Euziere v. Highway Commission of Town of Rockville, supra.* The law does not require, however, that at the time a commissioner of highways enters into a contract within the scope of his power or authority, there be not only an adequate tax levy, but also sufficient money actually collected from the levy to pay the indebtedness created by the contract. *American Mexican Refining Co. v. Wetzel,* 350 Ill. 575, 580, 183 N. E. 593. We hold the principles announced in the *Euziere* case, *supra,* to be applicable to and controlling under the facts herein.

It appears from the evidence that sufficient taxes had been levied to meet the amount of the obligation during the years in which the respective purchases were made. The gasoline and supplies were furnished under the numerous purchases and were received and used in operating road machinery at various places in the improvement, repair and maintenance of the highways by the commissioner of the district within the scope of his powers and in the performance of his statutory duties, and an implied contract exists on the part of the commissioner to pay for the same. The issuance of warrants not in conformity with statutory requirements did not relieve the district of its obligations to pay the demand sued upon, nor did the acceptance of void warrants estop the plaintiff from suit upon its account.

While no interest would be chargeable as provided in the terms of the invalid anticipation warrants, no such interest was allowed by the trial court in the judgment. Municipal and *quasi* public corporations are not liable for the payment of interest in the absence of an express agreement to that effect. *County of Coles v. Goehring, supra. American Mexican Refining Co. v. Wetzel, supra.*

We hold that there is no force in the 'appellant's contention that he was unlawfully deprived of his constitutional rights of a trial of the issues of fact by a jury. The provisions of section 64 of the Practice Act (Ill. Rev. Stat. 1937, ch. 110, par. 188 [Jones Ill. Stats. Ann. 104.064]) effective on January 1, 1934, specifically sets forth the terms upon which the right of trial by jury is to be asserted. No demand for a trial by jury was made at the time the defendant entered its appearance, and we cannot by judicial construction change the plain and unambiguous language of this statute by extending the time for filing such demand for jury trial until the issues have been settled by the pleadings.

While we have not discussed all of the errors assigned by the appellant, we have fully considered the same and find no reversible error in the record. The judgment of the circuit court of Greene county will therefore be affirmed.

*Judgment affirmed.*