### A. W. Weston, Appellee, v. John Hicks, Appellant.

### Gen. No. 6,304.

1. LANDLORD AND TENANT, § 249*—*when landlord not liable for negligence of tenant.* A landlord cannot be held liable for the negligence of his tenant in the use and occupation of the leased premises.

2. LANDLORD AND TENANT, § 249*—*when landlord voluntarily repairing awning not liable for negligence of tenant in lowering it.* Where a tenant who was in the sole possession and control of an awning which was appurtenant to the leased premises allowed same to be lowered so that it was below the height required by a city ordinance, and the plaintiff was thereby injured, *held* that the landlord, who was under no agreement to make repairs or improvements to such awning, would not be liable in an action to recover damages for such injuries, notwithstanding he had voluntarily contributed to the expense of putting canvas on the awning.

Appeal from the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1916. Reversed with finding of facts. Opinion filed August 10, 1916. Rehearing denied October 5, 1916.

WILLIAM BIESTER and COVEY & ROBERTS, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

B. JAY KNIGHT and JAMES HUFF, for appellee; KARL
J. MOHR, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opin-
ion of the court.

This is an appeal from a judgment for $750 recov-
ered by the appellee, A. W. Weston, in the Circuit
Court of Boone county against John Hicks, appellant,
for damages on account of alleged personal injuries
suffered by appellee, in consequence of bumping into
an awning which was attached to a building owned by
appellant. As a ground for recovery, the appellee al-
leges in the first count of his declaration that at the
time of suffering the injury, and previous thereto, the
appellant was the possessor of and had control of a
certain two-story store building in the City of Belvi-
dere; and that he kept and maintained in front of said
building a certain awning, which when in a lowered
condition projected out over the sidewalk; and that it
was the duty of the appellant to keep the same, and the
appurtenances thereof, in a good, safe and suitable
condition; and that at the time of the injury, the awn-
ing had become out of repair, and had been lowered to
such an extent as to be dangerous to persons passing
along the street; and that it was the duty of the ap-
pellant to keep said awning high enough above the top
of the sidewalk so that persons could pass under with-
out danger; and that the appellant, while so possessed
of said property and awning, and while in control
of the same, wrongfully, carelessly and negligently
suffered the same to be and remain in a lowered, dan-
gerous and unsafe condition; and that while the appel-
lee was using due care and caution for his own safety,
he ran into and struck against the awning, and was
thereby injured.

In the second count, the appellee charges that it was
the appellant's duty to keep and maintain the awning

above the sidewalk at a height of seven feet, by the requirements of a city ordinance of the City of Belvidere, which appellant neglected to do.

The proof shows that the awning in question was attached to iron arms, which were fastened to the building. James Devlin, who put up the awning in question, testified with reference to its construction as follows: "There is a roller that goes above the windows, all along the front part of the building; and canvas is tacked onto this roller; then there is a wood front-piece, and four projecting arms fastened into the building, and projecting out to the front-piece; and the canvas is put on the front wood piece with screw eyes."

The awning was raised or lowered by means of a crank. When the awning was lowered properly, the iron arms holding the canvas would stand out at a level, and in that case the lowest part of the awning would be seven feet above the sidewalk. An awning of this character can be lowered to the extent of the length of the canvas on the roller, and in this case an extra lap of canvas had been tacked on the roller, and if all the canvas was unrolled, the awning could be lowered a foot and a half more than seven feet above the sidewalk. At the time of the injury to appellee it had been lowered to about five feet seven inches above the surface of the sidewalk, and appellee's height was five feet ten inches.

The evidence also shows that appellant was the owner of the building, and that it was all leased to and occupied by tenants, and that the awning in question was appurtenant to the store appellant had leased to his tenant, Harry Brown; that Brown had the canvas put on the roller, to complete the awning for his use, and that the awning was used by and in the exclusive possession and control of Brown, as tenant of appellant. There was no agreement between appellant, as owner, and Brown, as tenant, by which appellant was

bound to make any repairs or improvements with reference to the awning, or by which he could in any way control its use or possession, or by which he was bound to furnish the canvas which was necessary to complete the awning for use, but appellant did make a voluntary contribution of $5 towards the expense of putting on the canvas.

The proof clearly shows that appellee was not injured on account of any defect in the iron frame work, but on account of lowering the awning below the height required for safety, which was a matter entirely under the control of appellant's tenant; and if it was negligence not to keep the awning at the height of seven feet above the sidewalk the negligence was that of the tenant. It is well settled that a landlord cannot be held liable for injuries resulting from the negligence of a tenant, in the use and occupation of premises leased. Our Supreme Court has stated the rule applicable to this class of cases to be as follows: "The landlord is not responsible for the misconduct or negligence of his tenants, even though occasioned by the manner in which the premises were constructed, provided they were capable of being used in a proper manner, whereby no injury could have resulted." (*West Chicago Masonic Ass'n v. Cohn,* 192 Ill. 210.)

It is apparent, therefore, that there is no cause of action against the appellant as landlord for the fault of his tenant in lowering the awning below the line of safety, and thereby causing an injury to the appellee. The judgment should therefore be reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find that the appellant was not guilty of the negligence charged in the declaration.