## Charlotte Miller, Appellant, v. Phillip McElin et al., Appellees.

### Gen. No. 6,432.

1. LANDLORD AND TENANT, § 259*—*when question for jury whether damage from water due to leak in frozen pipes on premises.* Evidence that a water leak whereby plaintiff's goods were injured came from the freezing of pipes in the room leased by defendants as cotenants, *held* sufficient to submit that question to the jury, if it was controlling, in an action to recover damages for such injury.

2. LANDLORD AND TENANT—*what is right of lessees to put another in possession and free themselves from liability for his negligence.* Defendants as lessees under a certain written lease, *held* to be the owners of the leasehold interest and entitled as such, as to third persons and the public generally, to put somebody else in possession, control and occupancy as tenant and free themselves from liability for his negligence on the same principle and to the same extent that any owner of an interest in land may in that manner do.

3. LANDLORD AND TENANT—*what is liability of tenant for negligent use of premises.* A tenant entitled to the possession and control of the leased premises is liable for the negligent use of such premises, resulting in injury to other tenants.

4. CLUBS, § 2*—*when officers of club are not liable for negligent use of rented premises by society.* Where defendants as lessees of certain premises signed the lease as managers of a certain local order of an unincorporated society which had no officers of such designation and in which neither defendant held any office, charging him with any duty to care for the leased premises, a room, which the lease provided should be used for lodge or club purposes only,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and which was so used by the order and was paid for out of its funds by its treasurer, one of defendants, *held* that the defendants were not liable for a negligent use of the premises by the order not shown to have been participated in by them personally, notwithstanding they were members thereof.

5. CLUBS—*right to rent property.* An unincorporated club may occupy and control property as tenant.

Appeal from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 23, 1917.

C. M. WALTER and R. E. EATON, for appellant.

F. J. STRANSKY, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

A stock of millinery goods belonging to appellant, Charlotte Miller, was, in January, 1916, materially damaged by water leaking into her apartments because of the parting of a pipe in a room on the floor above. On the assumption that the three appellees were tenants of the room and owed her a duty to properly care for said pipe and negligently permitted it to freeze and therefore pull apart, she brought this action on the case against them. At the close of plaintiff's evidence the court directed a verdict for the defendants, upon which judgment was entered.

It is claimed by appellees that the verdict was properly directed because they say it conclusively appears from the evidence that the pipe did not pull apart from freezing in the room where it was located, but the break was occasioned by the operation of a plumber in an adjoining room using a blow pipe to thaw ice in the pipe there and in that way heating the water and causing steam pressure that parted the joint in question. We think there was sufficient evidence tending to prove that the trouble came from freezing in the room

to require the submission of that question, if it was controlling, to the jury.

Appellees also claim that they were charged with no duty to take care of the pipe or keep it from freezing, and that it affirmatively appeared that they were not in the control and occupancy of the premises and were under no obligation to take care of them. The disposition of this case depends upon the answer to this contention.

The evidence showed that the room was and for more than two years had been occupied and controlled by the Knights of Columbus, a club not incorporated; that Lucinda Pulford and Pearl B. Shaw were the owners and caused the plumbing to be installed in a proper manner; that appellees were members of the club in January, 1914, and acquired a leasehold interest in the premises for two years under a written lease from the owners. It provided that the premises should be used for lodge and club purposes only, and added to appellees' signatures were the words: "Managers for the local order of the Knights of Columbus." But the proof was that they were not in fact managers of that order; that it had no officers of that designation, and that neither of them held any office charging him with any duty to take care of the premises. McElin was treasurer and paid the rent from moneys of the club in his hands; but it affirmatively appears that the office imposed no duty to care for the room. Appellee acquired this leasehold interest because the owners objected to dealing directly with the order. They became bound to fulfil obligations imposed in their title paper as they would have been had the purchase been of an estate for life or in fee. As to third persons and the public generally, they, as owners of the term, could put somebody else in possession, control and occupancy as tenant and free themselves from liability for his negligence on the same principle and to the same extent that any owner of an interest

in land may in that manner do. Appellant well says that appellees' interest was personal, and the words added to their signatures were merely *descriptio personæ*. She also says where the landlord has leased the premises from which the overflow originated, the tenant, being the one entitled to possession and control, is liable for the negligent use of such premises, citing *Chicago Tel. Co. v. Commercial Union Assur. Co.,* 131 Ill. App. 248, and *Lederer v. Fox,* 151 Ill. App. 300. This is a correct statement of law applied to negligence in caring for a water pipe and to many other acts of negligence of tenants as will appear by reference to Thompson on Negligence (2nd Ed.), sec. 1154 *et seq.* It applies not only as between the owner of the fee and his tenant but also to subletting, notwithstanding a contract duty of the sublessor to his landlord to keep the premises in repair. Id. 1161. The owner is not liable for nuisances created during the term of the lease. Id. 1162. It is not a question of title but of legal occupancy and control. Id. 1166. If appellees had put some other man in possession as a tenant it would hardly be conceived that because they were owners of an estate for years they were more liable than if they had owned the fee. We see no difference in principle. The Knights of Columbus were a club unincorporated, of a character treated in 7 Cyc. 258 *et seq.* Like other voluntary associations, while they may not be able to contract as such, the law recognizes them and protects them in the possession of property; and it is said liability cannot be fastened upon individual members except by reason of the acts of the individuals themselves, or their agents. 7 Cyc. 261. It is a matter of common knowledge that clubs and associations are numerous in this country, often with large memberships, and usually with some room or building leased or purchased in which they hold their meetings. Instances may be imagined where the owner of premises lets entirely irresponsible persons

not liable for torts—young children, for instance—into possession. We presume such owner, whether in fee, for life, or for years, might then be held responsible for negligence of the occupant. But we know of no authority, and do not think it reasonable, that an owner letting an unincorporated hunting club, golf club or religious society into exclusive possession and control of land should be held liable for the negligent acts of such occupant causing damage to third persons; neither do we know of any law that charges a member of such a club with responsibility for its torts without proof that in some way he was individually charged with a duty other than his mere membership might imply. A form of popular subscription to charities makes every donor a member of the association. We presume he does not from that fact alone become responsible for negligence of the club, order or association in building or not building fires in the room it occupies. It may be difficult to fix and enforce liability for negligence in such cases, but that affords no reason for imposing it on the owner who let the club into occupancy and control of the premises.

We conclude that the club must be considered as an organization capable of occupying and controlling property. And it appearing without dispute that appellees were not in occupancy or control of the premises, that the club occupied that position, and that appellees as members of the club had neither been charged with nor undertaken a duty to care for the room, it follows that they were guilty of no violation of duty to the plaintiff, and therefore the court did not err in directing a verdict for the defendants. The judgment is affirmed.

*Affirmed.*