Appellant's objections to a certain portion of the town tax of the town of Bedford, in Wayne county, were overruled by the county court of that county, and it, the Baltimore and Ohio Railroad Company, has prosecuted this appeal from that judgment which followed the overruling of the objections.
There is no dispute as to the facts. The board of town auditors of the town of Bedford filed with the county clerk a levy of taxes to the amount of $600 for the town for the year 1924. A tax at the rate of twelve cents on the $100 assessed valuation of property in that town would have been sufficient to raise the $600 levied in the certificate of levy by the said auditors. There was also levied by the commissioner of highways of said town for the same year a tax for road and bridge purposes amounting to fifty-five cents on the $100 assessed valuation. These road and bridge taxes and the town tax aforesaid, computed at the rate of twelve cents on the $100 assessed valuation, were paid by appellant. There was also filed with the county clerk a certificate of the town clerk of the town of Bedford showing accounts audited by the board of town auditors amounting to the sum of $5840.44. These last named accounts, audited and certified as aforesaid, are claims for road work, labor on roads, and for bridge construction and machinery for use in road work contracted for and authorized by the highway commissioner in said town. The county clerk extended town taxes on property in the town of Bedford at the rate of $1.25 on the $100 assessed valuation, $1.13 of which rate was to raise the said sum of $5840.44, the amount of the said accounts audited and certified as aforesaid. It is the portion of the tax of $5840.44 aforesaid taxed against appellant to which it filed objections, amounting to $1068.15. Its objections to the taxes are that the county clerk was without authority to extend said taxes as a town tax, and because the accounts so *Page 625 
audited were not town charges and were not incurred by vote of the electors, supervisor, town clerk or board of town auditors but are claims which were contracted and authorized by the highway commissioner of said town, which are payable out of road and bridge taxes in said town. The contention of appellee is that they are proper town charges against the said town and were properly levied against the town, while appellant contends that such taxes could only be levied by the commissioner of highways.
Under the Township Organization act, in each town the supervisor, town clerk and justices of the peace of the town constitute a board of auditors, as provided by section i of article 13 of said act. Section 3 of said article provides for the meetings of said board of auditors. Section 4 provides that said board shall examine the accounts of the supervisor, overseer of the poor and the commissioners of highways of such town for all moneys received and distributed by them, and further provides that they shall also examine and audit all charges and claims against their town. Section 5 of the article provides that the accounts so audited, and those rejected, if any, shall be delivered, with the certificate of the auditors, or a majority of them, to the town clerk, to be by him kept on file for the inspection of any of the inhabitants of the town. They shall also be produced by the town clerk at the next annual meeting and shall be there read by him. Section 6 provides that the board of auditors may require any account presented to be verified by affidavit, setting forth that the same is correct and just and is unpaid, or if any part thereof is paid, setting forth how much has been paid. Section 7 requires that the board make a certificate, to be signed by a majority of the board, specifying the nature of the claim or demand and to whom the amount is allowed, and shall cause such certificate to be delivered to the town clerk of said town, to be by him kept on file for the inspection of the inhabitants of the town; and the aggregate amount *Page 626 
thereof shall be certified to the county clerk at the same time and in the same manner as other amounts required to be raised for town purposes, which shall be levied and collected as other town taxes, except that in towns in which there are incorporated cities or villages the boundaries of which are co-extensive with the limits of the town, or the town lies wholly within the limits of an incorporated city or village, the amount shall be certified to the county board, who shall include the same in their estimate of town expenses. Section 8 provides that the following shall be deemed town charges: (1) The compensation of town officers for services rendered their respective towns; (2) contingent expenses necessarily incurred for the use and benefit of the town; (3) the moneys authorized to be raised by the vote of a town meeting for any town purposes; (4) every sum directed by law to be raised for any town purposes. Section 9 provides that the moneys necessary to defray the town charges of each town shall be levied on the taxable property in such town in the manner prescribed in the act for raising revenue and other moneys for State and county purposes and expenses. Section 10 provides that the record of the town clerk shall include all certificates of accounts audited by the board; that accounts audited shall be paid by the supervisor on presentation of a certificate of the town clerk, stating the amount and to whom allowed, the date when audited and on what account, which certificate, before payment of the amount, shall be countersigned by the supervisor. (See article 13 of the Township Organization act, p. 2098 of Smith-Hurd's Illinois Statutes, 1923.)
The provisions of section 40 of the Road and Bridge act are, that for all purposes relating to the construction, repair, maintenance and supervision of roads and bridges the several towns in counties under township organization, and road districts in counties not under township organization, shall, as near as may be, and subject to the provisions *Page 627 
of the act, be regarded as analogous in corporate authority, and the powers and duties of the highway officers thereof shall be similar in extent and effect. By section 41 of the act road districts in counties not under township organization are declared to be corporations, with power to sue and be sued. Under former statutes it has been decided that commissioners of highways in towns were quasi corporations, as distinguished from the corporation of the town itself, with power to sue and be sued. (Sheaff v. People, 87 Ill. 189; Highway Comrs. v.Highway Comrs. 60 id. 58.) In the case of McMechan v. Yenter,301 Ill. 508, this court recognized that the commissioner of highways was the proper official to be notified or summoned in his official capacity in any matter concerning the highways.
Under section 56 of the Road and Bridge act the commissioner of highways for each town or road district is given the power to levy, annually, a tax for road and bridge purposes on the property in his district or town. The levy is limited to the rate of sixty-six cents on the $100 assessed valuation of property, but in towns the commissioner is not permitted to levy more than fifty cents on the $100 assessed valuation without the consent in writing of a majority of the board of town auditors of his town. Taxes for road and bridge purposes can be levied only under this section by the highway commissioner. The board of town auditors only have the power to consent to such a levy by the commissioners when the rate exceeds fifty cents on the $100 valuation. (Robinson v.McKenney, 239 Ill. 343.) Under section 52 of the Roads and Bridges act the treasurer of the road and bridge fund shall receive and have charge of all moneys raised in the town or district for the support and maintenance of roads and bridges therein and for road damages. He shall hold such moneys at all times subject to the orders of the commissioners of highways and pay them out upon the order of the commissioners, and not otherwise, and shall keep an account in a book provided *Page 628 
by the commissioners, of all moneys received and of all moneys paid out, showing in detail to whom and on what account the same is paid.
The foregoing provisions of the 13th article of the Township Organization act and of the Roads and Bridges act show clearly that there are just two kinds of taxes to be levied in towns in counties under township organization: (1) Town taxes for town charges, which are specified in said section 8 of article 13 of the Township Organization act, taxes or charges for road and bridge purposes being not mentioned as a town charge or town tax; and (2) taxes for road and bridge purposes, which are only levied and collected and paid under the authority of the Roads and Bridges act aforesaid. It is thus very clearly shown that town charges as enumerated in section 8 of said article 13 of the Township Organization act are the only claims which can be audited and allowed by the board of town auditors so that the town tax may be levied and extended to pay them. There is just one exception to this last statement, and that is in the case of a judgment rendered against a town as distinguished from a road district. There was no judgment or judgments rendered against the town in question for any of the items composing the said sum of $5840.44, — the amount of the accounts audited and certified as aforesaid. There can be no question but the said claims so audited and certified were claims for road and bridge purposes. These facts are admitted by appellee, and in its brief it is stated that the claims aforesaid are outstanding debts which the highway commissioner incurred at the request and with the consent of the supervisor of the town of Bedford and with the approval of the county superintendent of highways, Wayne county. It is further stated that these claims are claims for which the holders thereof would have been entitled to judgment against the town of Bedford if they had brought suit therefor. We do not agree with the latter contention of appellee. They were *Page 629 
claims against the highway commissioner. Appellee simply contends that there is no showing in this record that the claims in question were not incurred by the highway commissioner at a time when he did not have money in the road and bridge fund for taxes levied to pay them, and that therefore the claims must be considered binding obligations of the town, for which a judgment could be obtained against the town. There is no authority for such contention. The only authority given the board of town auditors in said article 13 with reference to claims for road and bridge purposes is that mentioned in section 4 of said article 13, which is the right to audit or examine the accounts of the commissioners of highways of such town for all moneys received and distributed on their order. There is not even a suggestion of authority in all of article 13 to the board of town auditors to audit and certify such claims for road and bridge purposes for the purpose of taxation, or for the claim that a payment for road and bridge purposes or a claim for such purposes is a town charge for which the town is liable and may levy a town tax for same.
If the board of town auditors should be recognized as having authority to audit and allow the claims for road and bridge expenses as a charge against the general fund of the town and have the same certified for the purpose of taxation against the town, then the limit of taxation of sixty-six cents for road and bridge purposes fixed by the Road and Bridge act would be, in effect, rendered null and void, because there is no limit on the board of town auditors or the towns as to the amount of taxes that may be raised for strictly town purposes as enumerated in said article 13 of the Township Organization act. This court did say in People v. Block, 276 Ill. 286, that the highway commissioner has the right to incur liabilities and to levy a tax for road and bridge purposes. We further there said that the commissioner possesses the only authority conferred by law for levying a tax or incurring a liability for road and *Page 630 
bridge purposes. There is no intimation in that case that such a liability is the liability of the town as distinguished from the road district. The fact is that the claims in this case are proper claims against the road commissioner for road and bridge purposes so far as the facts appear in this record, but they are not a proper charge against the town aforesaid.
The judgment of the county court is reversed and the cause remanded, with directions to enter a judgment sustaining the objection to the tax of the town of Bedford against appellant in excess of the rate of twelve cents on the $100 assessed valuation.
Reversed and remanded, with directions.
 *Page 11