Town of Hutton, Plaintiff in Error, v. A. S. Ingram, Defendant in Error.

Gen. No. 8,313.

Opinion filed October 23, 1929.

CHAS. C. LEE, for plaintiff in error.

T. N. COFER, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a writ of error was prosecuted from a judgment rendered in the circuit court of Coles county against the plaintiff in error, town of Hutton, for the sum of $750 and costs, in favor of the defendant in error, A. S. Ingram. The judgment which was entered is as follows:

"This day comes the parties to this suit, by their attorneys respectively, and it appearing to the court that due personal service has been had on the defendant at least ten days before the first day of the present term, and by agreement judgment is hereby allowed the plaintiff and against the defendant in the sum of $750.00 and costs."

The judgment is apparently based upon the jurisdictional fact, that due personal service had been had upon the plaintiff in error; and upon the further fact of an agreement of the parties by their attorneys. The record discloses that due personal service, however, was not had upon the plaintiff in error. This is shown by the return of the sheriff on the summons which was issued in the cause; and which is as follows:

"State of Illinois, Coles County, ss. I have duly served the within by reading the same to the within

named William H. Hutton, for Town of Hutton and at the same time delivering to each of them a true copy thereof this 8th day of April, 1927. S. B. Moore, Sheriff, by Smith Gwin.''

The statute requires that ''all process shall be served by leaving a copy of the writ or summons with the supervisor'' or town clerk. Cahill's St. ch. 139, ¶ 44, § 1; ch. 110, ¶ 10, § 10; art. 5, sec. 1, ch. 139, Smith-Hurd Rev. Stat.; sec. 10, ch. 110, Smith-Hurd Rev. Stat. It does not appear from the return that either the supervisor or the town clerk of the town of Hutton were served as required by the statute.

The record does not disclose any authority from the town of Hutton to Charles Wallace, who appeared for the town to defend the case as attorney, to compromise or settle the alleged claim or to consent to an allowance of a judgment for the sum of $750 against the town of Hutton. No such authority could be implied from the fact that he was employed as attorney for the town of Hutton and filed a plea in defense of the plaintiff's claim. An attorney employed to defend a suit, has no authority to compromise or give up any right of his client; nor to consent to a judgment against his client. *Swinfen v. Swinfen,* 24 Beav. 549; *People v. Lamborn,* 1 Scam. 123; *Wadhams v. Gay,* 73 Ill. 415. The authority to provide for the disposition of suits at law or in equity, in all controversies between the town and any other town, or any individual or corporation, in which the town is interested is vested by statute in the electors of the town, at the annual town meeting. Cahill's St. ch. 139, ¶ 39, subd. 4; sec. 3 art. 4, ch. 139, Smith-Hurd Rev. Stat.

No right of recovery against the town is shown by the declaration in the case, which consists of four counts. In the first count the right of recovery is based upon the averment, that the town of Hutton acting by and through its commissioner of highways and proper officers employed the plaintiff to furnish cer-

tain material and perform certain labor in and about improving certain highways in said town by constructing certain bridges. In the second count it is alleged that the town of Hutton acting by and through its commissioner of highways and other officers entered into a contract with the plaintiff to furnish the material and labor in and about constructing a bridge known as the Garner bridge along the public highways of said town. In the third count it is alleged that the defendant by and through its commissioner of highways and other officers entered into a contract with plaintiff to furnish the materials and perform the labor in and about constructing a wall and support to what is known as the Lee bridge. And in the fourth count it is alleged that the defendant by and through its commissioner of highways and other officers met and settled their accounts, and then and there agreed that there was justly due the plaintiff the sum of $750.

With reference to these allegations in the declaration it may be pointed out that there is no statutory authority under which the commissioner of highways or any officers of the town could legally bind the town of Hutton by contract for labor and material to improve the highways of the town or by constructing bridges therein; nor is there any authority in the statute by which the commissioner of highways together with other officers can settle accounts for furnishing materials and labor or improving highways and constructing bridges, and thereby creating a legal liability against a town. *People v. Baltimore & O. R. Co., 322 Ill. 623.*

For the reasons stated, the judgment was erroneously entered against the plaintiff in error and is therefore reversed, and the cause remanded.

*Reversed and remanded.*