William Roger McEathron, Minor, by Mable McEathron, Mother and Next Friend, Appellant, v. Township of Worth et al., Defendants. Township of Worth and Mrs. Elmer Litke, Appellees.

Gen. No. 41,916.

48

Heard in the first division of this court for the first district at the February term, 1942. Opinion filed June 1, 1942.

Soll J. Schnitz, of Chicago, for appellant.

Erwin W. Roemer and Klenk & Klein, all of Chicago, for certain appellee.

Klenk & Klein, of Chicago, for certain other appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

The principal question presented by this appeal is whether a township is, in the absence of statute, exempt from tort liability.

Plaintiff, a minor, brought suit to recover damages because of an attractive nuisance said to be maintained by defendants. The complaint alleged that in July 1936 the Township of Worth, one of the defendants, through its agents leased and controlled a certain lot in the township which was vacant and unfenced and adjacent to the streets; that it kept stored there various sorts of road machinery and highway equipment; that it knew that minor children would naturally be attracted to such machinery and could be seriously injured; that plaintiff, of the age of 5 years, was seriously injured while playing on the machinery. The complaint also alleged that the defendant Mrs. Elmer Litke was the owner of the lot and violated her duty in permitting the attractive nuisance on her premises.

A motion to dismiss was filed on behalf of all the defendants, which was sustained as to the Township of Worth and Mrs. Elmer Litke, and plaintiff appeals from this order. The motion to dismiss as to defendant Dan Crandall, individually and as highway commissioner, was overruled.

Plaintiff argues that the theory of nonliability of a quasi-municipal corporation, like the township here, arose from an old English case decided in 1789 (*Russell v. Men of Devon*, K. B. 100 Eng. Rep. 359); that the exemption of the defendant in that case was predicated upon the fact that defendant, Men of Devon, had no authority to collect taxes to make the repairs to a defective bridge which was the occasion of plaintiff's injuries. Plaintiff here argues at some length that the rule in that case has been abandoned or changed by later decisions in our various courts.

Examination of our statutes and of the decisions leads to the conclusion that the highway commissioner, Dan Crandall, is the only one of the defendants who must defend this tort action.

Section 42 of the Roads and Bridges Act (ch. 121, par. 48, approved June 27, 1913 [Jones Ill. Stats. Ann. 120.050]) creates the office of township highway

commissioner, and he has been held to be a statutory officer. *Euziere v. Highway Commissioner,* 346 Ill. 131. Section 50 of this Act [Jones Ill. Stats. Ann. 120.058] vests in the commissioner the power and imposes upon him the duty to construct, repair and maintain roads and highways within the township and to determine the amount of taxes necessary to be levied for these purposes. There is also a provision that the highway commissioner shall direct the expenditure of all moneys collected for road and bridge purposes; shall let contracts for labor or the purchase of material and machinery and "To take possession of and keep under shelter, when not in use, all scrapers, plows and other tools belonging to the town or district wherever the same may be found and not allow the same to go to waste. . ."

With reference to taxes, section 56 of this Act [Jones Ill. Stats. Ann. 120.066] requires that the commissioner shall determine the amount necessary to be raised by taxation for maintenance and repairs of roads and bridges and certify that amount to the board of county commissioners, and if this is approved by the county board, or so much as the board shall approve, shall be extended by the county clerk as taxes against the taxable property of the township.

The act clearly gives the commissioner exclusive control over the roads and highways of his township, and the machinery and equipment used in that connection. He is not required to obtain the consent or concurrence of other township officials. In the present case the commissioner had exclusive control and charge of the road machinery and equipment on which plaintiff is alleged to have been injured, so that whatever negligence there may have been in connection with it was not the negligence of the township.

Under par. 3 of sec. 3, art. 4 of the Township Act, approved March 4, 1874 (ch. 139, par. 39, Ill. Rev. Stat. 1941) the electors present at the annual town meet-

ing were given the power to direct the raising of money by taxation for repairing roads. But in *Robinson v. McKenney,* 239 Ill. 343, 349, the court had under consideration the effect of the later Roads and Bridges Act, which was approved June 27, 1913, on the prior Township Act. In that case the electors of a township undertook to levy road and bridge taxes and it was argued that they had concurrent jurisdiction with the highway commissioner to levy such taxes. The court held to the contrary, saying that the sole taxing authority was the highway commissioner. In *Roumbos v. City of Chicago,* 332 Ill. 70, 75, is an extended discussion of township liability. It was there said that municipal corporations, such as villages, towns and cities, which are incorporated by special charters or voluntarily organized under general laws, are liable in tort actions, but that the rule is otherwise with public "involuntary *quasi* corporations . . . These latter,—such as counties, townships, school districts, road districts and other similar *quasi* corporations,— exist under general laws of the State, which apportion its territory into local subdivisions for the purposes of civil and governmental administration, and impose upon the people residing in said several subdivisions precise and limited public duties and clothe them with restricted corporate functions co-extensive with the duties devolved upon them. In such organizations the duties, and their correlative powers, are assumed *in invitum,* and there is no responsibility to respond in damages, in a civil action, for neglect in the performance of duties unless such action is given by statute."

In *County of Cook v. City of Chicago,* 311 Ill. 234, 239, the same distinction is made between the ordinary municipal corporation voluntarily organized or under charters issued by the State, and *quasi* municipal corporations such as townships; that the latter are but local organizations created "without the consent

of the inhabitants thereof, for the purpose of the civil and political administration of government . . ." In other words they are "local subdivisions of the State created by the sovereign power of the State of its own will, without regard to the wishes of the people inhabiting them." And "township organizations are created in this State with a view to aid in carrying out the policy of the State at large for the administration of matters of political government, . . . The powers and functions of county and township organizations, therefore, as distinguished from municipal corporations, have a direct and exclusive bearing on and reference to the general, rather than local, policy of government of the State." This is supported by 1 Dillon on Mun. Corp. (4th Ed.) § 23, and a number of decided cases in this and other States. One of the leading cases outside of this State is *Hill v. Boston,* 122 Mass. 344, where most of the cases reported in this country and England are analyzed, and the opinion concludes that both upon reason and authority a township is not liable in a tort action, except under a statute expressly or by necessary implication giving such a remedy.

It should be borne in mind that under article 1 of the Township Act of 1874 the voters of a particular locality do not decide whether they shall have a township organization of their locality, but if 50 or more voters of the entire county petition, the question of the organization of the township is submitted to all of the voters in the county and a majority of these decide. Thus, a township may be created regardless of whether the inhabitants of that particular locality favor the establishment of a township, and if the inhabitants of a township so voted neglect or refuse to have officers, the county board may elect or appoint such necessary officers until their successors are elected or appointed. (Ch. 139, par. 17, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 133.017].)

Almost all of the opinions in the cases from this jurisdiction and also in other States describe township organizations as having exclusive reference to the general policy of the government of the State and therefore partake of the immunity from such actions enjoyed by the State. The conclusion of the trial court in dismissing the Township of Worth as a party defendant was proper.

Plaintiff's amended complaint did not allege that Mrs. Elmer Litke, defendant, retained or had possession or control of the premises where the machinery was stored. It is argued that as she lived close by the premises she must have seen little children playing on the machinery and known that an attractive nuisance was being maintained. We know of no rule which requires a landlord to supervise premises which he has leased so as to prevent negligence by his tenant. *Weston v. Hicks,* 203 Ill. App. 491; *Miller v. McElin,* 208 Ill. App. 605; *West Chicago Masonic Ass'n v. Cohn,* 192 Ill. 210, 218. The order dismissing as to defendant Mrs. Elmer Litke was also proper.

The reply brief (page 20) has added another to the "barbarisms" which this court has emphatically condemned. *Tarjan for use of Lefkow v. National Surety Co.,* 268 Ill. App. 232, 240. Some of these "abominations" are found in *City Nat. Bank & Trust Co. v. Davis Hotel Corp.,* 280 Ill. App. 247, 252–253, lead by the notorious "and/or." To these the reply brief adds "for/to." This freak, appearing twice in one short paragraph, makes the meaning doubly obscure.

For the reasons above indicated the orders of the trial court are affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.