ELLA HENNIGS *et al.*, Plaintiffs-Appellants, *v.* CENTREVILLE TOWNSHIP *et al.*, Defendants-Appellees.

(No. 71-95;

Fifth District—November 9, 1972.

Kassly, Weihl & Bone, of Belleville, (Jon G. Carlson, of counsel,) for appellants.

Robert J. Sprague and John R. Sprague, both of Sprague, Sprague & Ysursa, of Belleville, for appellee Centreville Township.

Freeark, Gunn & Harvey, of Belleville, (Ray Freeark and Ted Harvey, of counsel,) for appellee Louis T. Knauer.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs brought an action for personal injuries against Centreville Township and Lewis T. Knauer, the owner of property along a township road, and others. The appeal here is from an order of the trial court directing a verdict at the conclusion of the plaintiffs' evidence in favor of Centreville Township and the defendant Knauer.

It appears that the plaintiff Ella Hennigs, while walking to church along the township road in the hours of darkness, fell over or upon a pile of gravel. Centreville Township during the preceding year had had certain sewer work done, including work in the road involved, and this work had been completed during October preceding the accident in January and was then turned over to the township and accepted by it. It appeared that the particular pile of gravel had been placed there by or at the direction of the highway commissioner of Centreville Township some days before the occurrence in question. While the pile of gravel was in front of the defendant Knauer's premises, it appears that the gravel was in the public roadway or at least that that portion of the pile of gravel over which the plaintiff fell was in the public ownership in an area where pedestrians were accustomed to walk, but not on the surfaced portion of the roadway. As the appellant describes it, she was "between the road proper and the property lines." Knauer had called the township road commissioner to complain previously about holes in the road in front of his property.

■■ The position of the plaintiffs is that the court erred in directing a verdict in favor of defendants Knauer and Centreville Township and that the court erred in other particulars with respect to the suit against the township. Plaintiffs state that it is the position of the Supreme Court of Illinois that directed verdicts be rendered "only in the most extreme cir-

cumstances" and that "this is not one of those rare cases involving such extreme circumstances." Plaintiffs maintain that a jury question exists with respect to the defendant Knauer on the basis that he maintained or created a dangerous obstruction in the public highway. There is no evidence, as we have suggested, that the plaintiff was upon the defendant Knauer's property, nor is there any evidence that Knauer did anything personally about locating the pile of gravel, except to call the township highway commissioner to complain about the condition of the roadway. We do not believe that this constitutes any evidence that Knauer maintained or created a dangerous obstruction in the roadway. Therefore, the trial court was correct in directing a verdict with respect to the defendant Knauer.

It appears without controversy that the suit relative to the governmental entity was commenced against "Centreville Township." Counsel for the defendant have admitted that this name describes a "local governmental unit." The burden of the plaintiffs' contentions is that the township should be held liable for the acts of the highway commissioner because this is a technical procedural nicety and that the naming of the township instead of the highway commissioner was a misnomer and the court should have allowed an amendment or substitution of parties.

■■ The evidence and authorities do not agree with the plaintiffs' position. First, the functions of a town or township and of the highway commissioner are very different. Under the statutory scheme as it appears in art. 6, sec. 112 of the Illinois Highway Code (Ill. Rev. Stat., ch. 121, sec. 6—112), the highway commissioner of a township functions separately and apart from the township with respect to township roads. It appears likely that the plaintiffs suspected that the party responsible was the township and that the pile of rock involved arose from the sewer work which was presumably done by a contract with the township. The plaintiffs refer us to no authority making the township legally responsible for the maintenance of the highways of the township, and the evidence points out that this particular pile of rock was placed there, not by the township, but by the highway commissioner. Accordingly, we are not prepared to hold that the township should be liable for the acts of the township highway commissioner since there is substantial and recent authority to the contrary, e.g., *Western Sand and Gravel Co. v. Town of Cornwall*, 2 Ill.2d 560, 119 N.E.2d 261; and *McEathron v. Worth Township*, 315 Ill.App. 47, 42 N.E.2d 110.

■■ The highway commissioner is an elective officer and, as set forth in the *McEathron* case, he has exclusive control over the roads and highways of the township and the machinery and equipment used in con-

nection therewith. It is not necessary to repeat at length the matters discussed in these cases.

██ The contention that this is a misnomer and that an amendment or substitution should be allowed was not presented to the trial court by any request for an amendment or substitution. No appeal is taken from any action of the trial court in refusing to permit substitution or amendment. Additionally, it does not appear that this was a misnomer; instead it appears that the plaintiffs' intention was to proceed against the township. Clearly there was such an entity as the township at the time and if the plaintiffs had meant to join the highway commissioner they could have done so without undue difficulty. It must have been apparent to the plaintiffs at all times that the township highway commissioner was not participating in the proceedings in any way.

It appears, therefore, the trial court acted properly in directing a verdict and the action of the trial court should be affirmed.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.