(No. 45558.—

ELLA HENNIGS *et al.*, Appellants, v. CENTREVILLE TOWNSHIP *et al.*, Appellees.

*Opinion filed Nov. 30, 1973.—Modified on denial of rehearing January 29, 1974.*

GOLDENHERSH, J., took no part.
RYAN, J., dissenting.

Kassly, Weihl & Bone, of Belleville, for appellants.

John R. Sprague and N. Dean Nester, of Sprague, Sprague & Ysursa, of Belleville, for appellee Centreville Township.

Ray Freeark and Ted Harvey, Jr., of Belleville, for appellee Louis T. Knauer.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In a personal injury action brought by plaintiffs, Ella Hennigs and her spouse, the circuit court of St. Clair County directed a verdict for defendants, Centreville Township and Louis T. Knauer, at the close of plaintiff's evidence. The Appellate Court, Fifth District, affirmed (*Hennigs v. Centreville Township* (1972), *8 Ill. App. 3d 240*), and we granted leave to appeal.

The cause of action arose when Ella Hennigs tripped and fell over a pile of frozen gravel while walking along a township road at night. The gravel was in a publicly owned area, frequented by pedestrians and cyclists, between defendant Knauer's front property line and the paved road surface. Plaintiffs alleged the highway commissioner of Centreville Township placed the gravel there in response to defendant Knauer's complaints about holes in the road in front of his property.

We do not agree with plaintiffs' argument that the trial court erred in directing a verdict for defendant Knauer, or that whether he created or maintained a dangerous obstruction in the public roadway was a jury question. There is no evidence the pile of gravel was on his property or that Ella Hennigs was on his property when she tripped and fell. Nor does the evidence indicate that he ever requested a pile of gravel or directed its placement; he merely complained about the condition of the roadway. The trial court was clearly correct in directing a verdict in his favor in the absence of any evidence that he maintained or created a dangerous obstruction in the roadway. *Pedrick v. Peoria and Eastern R.R. Co. (1967), 37 Ill.2d 494, 510.*

The directed verdict in favor of the defendant township requires more extended consideration. It rested on the theory that the township is a legal entity distinct and separate from the office of its highway commissioner, and, therefore, it is not liable for any negligence or breach of duty on the part of that officer. Plaintiffs maintain that the township should be liable for the tortious acts of the highway commissioner, or that, in any event, the trial court should have allowed a substitution of parties to permit the naming of the highway commissioner as a defendant, since naming the township as the governmental defendant was a mere misnomer.

This court has, in the past, viewed the highway commissioner as a distinct entity separate from the township in regard to road repair contracts (*Western Sand & Gravel Co. v. Town of Cornwall (1954), 2 Ill.2d 560*); indebtedness for materials used for road repair (*American Mexican Refining Co. v. Wetzel (1932), 350 Ill. 575*); and the authority to levy a tax to pay claims for road work (*People ex rel. Book v. Baltimore and Ohio R.R. Co. (1926), 322 Ill. 623*). It has also held a township not liable in a private action for damages occasioned by the neglect of the town authorities to keep public highways in repair (*Town of Waltham v. Kemper (1870), 55 Ill. 346*); that a

township is not liable in an action based on the conduct of its highway commissioners in diverting a stream from its natural course in order to construct a highway, thereby causing water to flow onto plaintiffs' land (*Cooney v. Town of Hartland (1880), 95 Ill. 516*); and that the highway commissioners of a township are not liable for their failure to provide railings on a bridge from which a plaintiff fell on the theory that, since townships were immune from such actions, highway commissioners, as an agency through which the town performs a public duty, should also be immune from such suits (*Nagle v. Wakey (1896), 161 Ill. 387*). In addition, defendant Centreville Township places heavy reliance on the more recent case of *McEathron v. Township of Worth (1942), 315 Ill. App. 47*, wherein the appellate court held that a township cannot be held liable in tort except under a statute expressly providing such a remedy; and that the highway commissioner was the only proper party to be sued in an action based on his negligence. That decision, however, as did all of those cited above, preceded *Molitor v. Kaneland Community Unit Dist. No. 302 (1959), 18 Ill.2d 11,* which abrogated the doctrine of governmental tort immunity, and likewise preceded the enactment of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, pars. 1—101 through 10—101). Both *Molitor* and the Tort Immunity Act made substantial changes in the law relating to the tort liability of governmental entities and employees, and it is clear under present statutes that a township as a local governmental entity is now amenable to suit for the tortious acts of a highway commissioner in his official capacity.

A local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition. (Ill. Rev. Stat. 1971, ch. 85, par. 3—102.) It seems clear from this that the legislature intended local public entities to be liable for injuries resulting from their failure to maintain their property in that condition. Townships

are included in the definition of local public entity under the Tort Immunity Act (ch. 85, par. 1–206), and their officers are included as employees (par. 1–202). A township highway commissioner is an elected official and is by statute designated as an officer of the township (Ill. Rev. Stat. 1971, ch. 121, par. 6–112; *People ex rel. Dennison v. Atchison, Topeka and Santa Fe Ry. Co. (1934), 355 Ill. 424*); it is his duty to perform various functions (Ill. Rev. Stat. 1971, ch. 121, pars. 6–201.1 to 6–201.17), including levying taxes for the construction and maintenance of roads and bridges (par. 6–201.5), constructing, maintaining and repairing roads and bridges and letting contracts for that purpose (par. 6–201.7), and he has "general charge of the roads of his district" (par. 6–201.8). It should be noted that for the performance of these duties the highway commissioner receives his compensation from the general township fund in districts comprising a single township. (Ill. Rev. Stat. 1971, ch. 121, par. 6–207.) Further, any judgment recovered against him in his name of office is a town charge. Ill. Rev. Stat. 1971, ch. 139, par. 49.

It is alleged that the injury to Ella Hennigs occurred on township property. In these circumstances, and considering the affirmative duty placed on the township to maintain its property in reasonably safe condition, we believe the township is amenable to suit for the alleged negligence of its employee, the highway commissioner.

The directed verdict in favor of defendant Knauer was proper, and the judgment of the appellate court is affirmed as to him. As to Centreville Township, however, the judgment of the appellate court is reversed and the cause remanded to the circuit court of St. Clair County for a new trial.

*Affirmed in part, and reversed in part and remanded.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.

MR. JUSTICE RYAN, dissenting:

Since the majority opinion concedes that this court has consistently viewed the highway commissioner as a separate and distinct entity from the township, I fail to see how the decision in *Molitor v. Kaneland Community Unit District, 18 Ill.2d 11,* or the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 *et seq.*) has any bearing on this case. As I read the majority opinion, it holds that by virtue of *Molitor* and the Act one separate and distinct governmental entity can be held responsible for the torts of another.

Not only have the cases drawn the distinction between the two entities but the statutory provisions have also made the same distinction. The present statute provides that roads are under the jurisdictions of *road districts* (Ill. Rev. Stat. 1971, ch. 121, par. 6—101); that each township shall be considered and is called a *road district* for all purposes relating to the construction, repair, maintenance, financing and supervision of township roads (ch. 121, par. 6—102); that any two or more townships may be consolidated into a *consolidated township road district* (ch. 121, par. 6—108); that in each *road district* there shall be elected a highway commissioner (ch. 121, par. 6—112) and that as the highway commissioner of a *road district* he has the duty of performing certain functions specified in the statute (ch. 121, par. 6—201). These duties include laying out, altering, widening or vacating township roads (par. 6—201.2), determining the taxes necessary to be levied on property within the *district* for road purposes (par. 6—201.5), directing the expenditure of all monies collected in the *district* for road purposes (par. 6—201.6), constructing, maintaining and repairing and being responsible for the construction, maintenance and repair of roads within the *district* (par. 6—201.7) and having general charge of the roads of his *district,* keeping the same in repair and improving them insofar as practicable (par.

6—201.8). These enumerated functions are only the most significant of the many specified in division 1 of article 6 of the Illinois Highway Code (ch. 121, par. 6—101 *et seq.*), which makes it clear that the roads located within the township are not under the jurisdiction of the political body called a town or township, but are under the jurisdiction of a *road district* and that the responsibility for these roads is likewise not vested in the town or township but is vested in the highway commissioner as an officer of the road district and not as an officer of the township.

It is unfortunate that the confusion has existed for so many years as to the distinction between the governmental unit referred to as a township and the highway commissioner of the township road district. The confusion appears to persist even though the present statute refers to the public body which has jurisdiction over the roads as a road district and the use of the term "township" in connection with the roads or with the highway commissioner has no significance other than to identify the geographical area or political subdivision wherein the roads are located. *Western Sand & Gravel Co. v. Town of Cornwall, 2 Ill.2d 560, at 567.*

In order to bridge the gap between the township and the separate entity having jurisdiction over the roads, the majority opinion relies upon the provision of section 6—112 of the Illinois Highway Code (ch. 121, par. 6—112) which provides that the highway commissioner of each road district comprised of a single township is an officer of that township. It should be noted that this provision applies only to *road districts comprised of a single township.* Therefore, in a consolidated township road district, the highway commissioner is not an officer of the township and, under the reasoning of the majority opinion, the township is presumably not liable for the negligent act of the highway commissioner. Thus, if the plaintiff in this case would have fallen over an obstruction

placed in the highway of a consolidated township road district by the highway commissioner of that district, she would have no cause of action against the township, whereas if she would have fallen over an obstruction placed in the highway of a single township road district by the highway commissioner of that road district she would have a cause of action against the township under the reasoning of the majority opinion.

In my opinion the mere fact that the highway commissioner may be an officer of a township for certain purposes does not render the township responsible for his negligent act unless he was at the time that the act was committed performing some function related to the activites of that governmental unit. In this case the alleged negligent act of the highway commissioner was committed in the performance of a function related to the road district and for which the highway commissioner is responsible as the highway commissioner of that road district. It was not committed while he was performing any function as an officer of Centreville Township.

Nor do I believe that township liability is properly predicated upon section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 3—102), which provides that a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition. Certainly this section of the Act was not intended to shift the responsibility for road maintenance from the highway commissioner to the township. The object of the statute was to compel government units to take reasonable care of the property within their jurisdiction. As township roads are within the sole jurisdiction of the township road district and the statute places the responsibility for their maintenance on the highway commissioner, it is the commissioner and not the township which is rendered amenable to suit by this statute.

For these reasons, I must respectfully dissent.