GEORGE FRANKLIN HAUGHT, Plaintiff-Appellant, v. REND LAKE CONSERVANCY DISTRICT, Defendant-Appellee.

Fifth District   No. 5—86—0316

Opinion filed July 29, 1987.—Rehearing denied August 21, 1987.

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

Brian P. McGarry, of Marion, for appellant.

Richard J. Zalasky, of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellee.

JUSTICE LEWIS* delivered the opinion of the court:

The plaintiff, George Franklin Haught, appeals from a directed verdict in favor of the defendant at the close of the plaintiff's case on the issue of liability. The plaintiff brought an action for damages for alleged injuries resulting from the defendant's maintenance of its property, and the case was tried before a jury.

The plaintiff alleges that he was injured as a result of running into a cable stretched across a roadway owned and maintained by the defendant, Rend Lake Conservancy District. The plaintiff was operating his motorcycle on August 16, 1980, in a northerly direction upon a roadway owned and maintained by the defendant. This roadway, known as the Gun Creek access road, is a paved, four-lane divided highway with two lanes running in a northerly direction and two lanes running in a southerly direction. The Gun Creek access road provides access to the defendant's boat launching dock from Illinois Route 183, as well as access to an area of the defendant's property intended for future development as a marina. To reach the boat launching dock, one must proceed north from Route 183 onto the Gun Creek access road and then turn left off the Gun Creek access road to the boat dock area. The Gun Creek access road continues north beyond this turnoff. Just past the turnoff the defendant had placed a wire cable across the northbound lanes on the Gun Creek access road, with a sawhorse and a "Road Closed" sign attached to it covering approximately one-half of the highway.

The plaintiff testified that he had intended to go around the sign to allow his passenger to relieve herself. Instead, he hit the wire cable stretched across the highway with his motorcycle and was injured. The accident occurred at dusk or near dark, and the plaintiff claimed not to have seen the cable, which he testified was some 20 feet in front of the sign. There were no other signs or warnings.

The evidence showed that the Gun Creek access road had been built by the State but was deeded to the defendant in the 1970s. There was testimony that the portion of the Gun Creek access road leading from Route 183 up to the sign was open for use by the general public. There was further evidence that the cable across the road had been there for several years.

At the close of the plaintiff's evidence the defendant moved for a directed verdict, alleging that the plaintiff had failed to prove a case of liability against the defendant. In support of its motion, the defend-

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

ant offered the case of *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261, which holds that a private landowner owes a trespasser or licensee only the duty to abstain from willful or wanton misconduct. Following arguments of counsel, the trial court granted the defendant's motion for directed verdict and entered judgment accordingly.

■ On appeal from this judgment the plaintiff asserts initially that to the extent the trial court applied the standard of care set forth in *Trout v. Bank of Belleville*, the court's judgment constituted error and should be reversed. We agree. While the *Trout* case sets forth the willful and wanton standard of care owed by private landowners to third persons, the defendant here is admittedly a public entity, which is required to exercise ordinary and reasonable care in the maintenance of its roadway. (See *Hennigs v. Centreville Township* (1974), 56 Ill. 2d 151, 306 N.E.2d 287.) Although it appears that the trial court based its judgment, at least in part, on the willful and wanton standard of *Trout*, this standard was inapplicable to the instant case and constituted error.

■ This case is governed by section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 3—102(a)), which provides:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition."

This section contains three parts: (1) that a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition, (2) that the existence of the duty of ordinary care turns on whether the use made of the property was intended or permitted and reasonably foreseeable, and (3) that to be liable, it must be proven that the entity has actual or constructive notice of the existence of the condition.

As discussed above, the parties have conceded that the defendant is a public entity and the evidence so shows. While the defendant's duty of care as a public entity is established by the first part of the

statute, the main thrust of the defendant's argument on appeal relates to parts two and three. We find no merit in the defendant's argument regarding part three that there was insufficient evidence showing that the defendant had actual or constructive notice of the condition in question. The evidence showed that the defendant knew of the cable strung across the roadway and, in fact, put it there.

■ Regarding part two of the statute, the defendant argues that it owed no duty to the plaintiff because there was no evidence that the defendant intended and permitted the plaintiff to use the property where the accident occurred and that there was no evidence of foreseeability. The defendant cites and relies upon *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888, in support of its argument. In *Eddings* it was held that a township owed no duty to a jogger, who was either alongside or on a paved portion of the road under the jurisdiction of the highway department when he was struck by a car. The court held that the defendant had no duty to maintain the road in such a way as to protect the jogger when the road was not meant to allow safe passage for pedestrians.

We find the *Eddings* case to be distinguishable on its facts from the instant case. The plaintiff here was using the road, at least until he came upon the sign, in an ordinary and foreseeable manner. The evidence adduced showed that the portion of the road traveled by the plaintiff was meant for public use by vehicles. Thus, the defendant's argument that the plaintiff failed to produce evidence on this element is unavailing.

The issue in the instant case is whether or not the plaintiff has made out a *prima facie* case, that is, whether he has presented at least some evidence on every element essential to his cause of action. If not, the defendant is entitled to a judgment in his favor. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43.) If, however, the plaintiff has introduced evidence sufficient to make out a *prima facie* case, the court must deny the motion so that the jury, as trier of fact, can weigh the evidence to determine whether the plaintiff has carried his burden of proof.

■ The trial court here found, apparently applying the standard of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, that the plaintiff had not put on sufficient evidence to make out a *prima facie* case for the plaintiff. We disagree with that ruling and find that the plaintiff has presented sufficient evidence to withstand the defendant's motion for directed verdict. The plaintiff presented evidence that the defendant was a local public entity owing

a duty of reasonable care to those using its facilities, that the road in question was open for public use in the area where the cable was strung across the road in front of the sawhorse and "Road Closed" sign, and that there were no other signs or warning signals to indicate the presence of the cable. The defendant's contention that the "Road Closed" sign was sufficient and that the plaintiff's seeing it placed him in a position that he was no longer entitled to the duty of ordinary care is not tenable. The presence and location of the "Road Closed" sign is one of the many facts for the jury to consider at the close of the evidence.

For the reasons stated, we find that the trial court was in error in entering judgment at the conclusion of the plaintiff's case, and we, therefore, reverse and remand this cause for trial in the circuit court of Franklin County.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.